ROBERT SUMMERVILLE ET AL. V. JESSE KING ET AL.

No. 1366.    Decided December 12, 1904.

**1.—Homestead—Mechanics' Lien.**

A valid mechanics' lien against the homestead was superior to the homestead rights of the minor children after the death of the father. (P. 338.)

**2.—Husband and Wife—Separate Interests in Land—Improvement With Community Funds.**

When improvements are made with funds belonging to the community upon land in which the husband and wife each have separate interests, the improvements retain their character as community property; and, in a division, the survivor may be compensated for his or her interest in such improvements by setting apart land equal to the value of such interest, or less land with the improvements, so as to make them equal. (P. 338.)

**3—Mechanics' Lien—Improvements.**

As against the rights of the holder of a mechanics' lien, the improve-

ments made by him did not become a part of the real estate, but are treated as if they had been made under a contract for removal. Rev. Stats. arts. 3294, 3301, 3302. (Pp. 338, 339.)

**4.—Community Property—Improvements—Deed by Survivor.**

The husband and wife owning undivided separate interests in land which had been improved with their community funds, the vendee of the wife who had qualified as survivor of the community was entitled to receive the benefit, in the partition with the heirs of the deceased husband, of the improvements made with the community funds, as well as her half interest in the land. (P. 339.)

**5.—Community—Surviving Wife—Remarriage—Divorce.**

The right of a surviving wife to administer the community property as survivor, though terminated by her remarriage, is restored by a subsequent divorce making her again a feme sole. (Pp. 339, 340.)

**6.—Appeal—Dismissal—Harmless Error.**

Error in refusal to dismiss a writ of error as to one of the parties prosecuting it becomes immaterial where the case must be reversed on proceedings by a coplaintiff in error and such reversal must vacate the judgment as to all the parties. (P. 340.)

**7.—Homestead—Lien—Attorney's Fees.**

A lien given for erecting a residence to be occupied as a homestead is superior to the subsequently attaching homestead right and may include attorney's fees stipulated in the note given for the debt. (P. 341.)

Error to the Court of Civil Appeals for the First District, in an appeal from Harris County.

Summerville and others sued King and others and obtained judgment which was reversed on writ of error in the Court of Civil Appeals. Defendants in error, plaintiffs below, then obtained writ of error from the Supreme Court.

*James R. Masterson,* for plaintiffs in error.—When a deed to land is made to a man and wife, where it is clearly shown to have been the intention of the grantor and grantees to have been a gift, the title vests in each as separate property in equal shares. Bradley v. Love, 60 Texas, 477. As to homestead rights of minors, art. 16, sec. 52, Constitution; Hall v. Fields, 81 Texas, 553.

That a woman who survives her husband can not after marrying again sell the interest of her first husband in community property held by them at his death, but that her power to do so ceased by her marriage, and never revived. Rev. Stats., arts. 2236, 2237; Acts 1893, page 85; Davis v. McCartney, 64 Texas, 585; Auerback v. Wylie, 84 Texas, 615; Wingfield v. Hackney, 95 Texas, 490; Booth v. Clark, 78 S. W. Rep., 392.

There is no allegation by defendants about placing the notes in the hands of an attorney for collection, but if there had been, certainly as to attorney's fees, there was no mechanic's lien on the homestead; so held in case Harn v. Building Association, 95 Texas, 81, approving Walters v. Loan Association, 8 Texas Civ. App., 500.

As between the father and mother, the improvements on the separate

lands of each are, at least prima facie, part of the land, and fixtures. The land belongs to plaintiffs below, inherited from their father, which was his separate property, so decided by the District Court and so held by the Court of Civil Appeals in this case. It was shown by all the evidence that the improvements were upon the whole lot, so one-half was upon plaintiff's part and one-half upon King's part. Schmidt v. Huppmann, 73 Texas, 116. The land being the separate property of Sidney Summerville and Lillie Hanks, his wife, the improvements put thereon during coverture, if by community funds, were as beneficial to her separate estate as to his; hence no question of reimbursement can arise.

Under the Constitution, art. 16, sec. 52, and sec. 50, the homestead right is in the family and not in the head of the family as aforetime. The land itself belongs to the children one-half and to King one-half, each holding in right of the father of the children and by purchase from their mother, it being the separate property of said parties, so decided even by the Court of Civil Appeals in this very case. Under numerous decisions of the Supreme Court, some of which are cited below, the homestead situated on separate property is not subject to partition as between the children and the suriviving husband and wife,—certainly this is so as to creditors who never had any interest in the homestead. In this case the children own in their separate right derived from their deceased father, whose separate property the land was to the extent of one-half, the other half being the separate property of their mother, who sold her interest to Olschewski, and Olschewski to King. Hudgins v. Sansom, 72 Texas, 231; Gilliam v. Null, 58 Texas, 299; Hall v. Fields, 81 Texas, 555; Zwernemann v. Von Rosenberg, 76 Texas, 525.

*Jacob C. Baldwin,* for defendant in error.—Inasmuch as the property in controversy was conveyed by Mrs. Rice to Sidney B. Summerville and wife, Lillian V. Summerville, during the time they lived together as husband and wife, it was presumed to be community property; and inasmuch as Lillian V. Summerville was the daughter of the said Mrs. Rice, and the property was conveyed to her for the love and affection she had for her daughter, said property thereby became the separate property of the said Lillian V. Summerville, and Sidney B. Summerville had no interest whatever in said property, and the findings of fact of the trial court with reference to this deed are not sufficient to show that it was the intention of the parties at the time that the title should be vested in Sidney B. Summerville, or that the title in fact vested in him.

All property acquired by apparent onerous title during coverture, whether the deed be made to the husband or wife, or to both husband and wife, is presumed to be community property. Rev. Stats., arts. 2968, 2969; Cline v. Upton, 56 Texas, 319; Parker v. Coop, 60 Texas, 114; Kempner v. Comer, 73 Texas, 199.

The deed from Angelina Rice to Sidney B. Summerville and Lillian V. Summerville recited a consideration of $10 and other valuable con-

siderations. It is sufficient to show an apparent onerous title, and it having been conveyed to them during coverture, the presumption is it was their community property, and the defendants purchasing from the surviving wife had a right to rely on such presumption. Parker v. Coop, 60 Texas, 114; Stiles v. Japhet, 84 Texas, 95; Ross v. Kornrumpf, 64 Texas, 394; Kirby v. Moody, 84 Texas, 203; Hord v. Owens, 20 Texas Civ. App., 21.

The lots were unimproved, and the improvements, if any were made, before the execution of the mechanic's lien, as well as those made after said time, to the extent of the notes paid by Sidney B. Summerville during his lifetime, to wit, from August 1, 1895, to the time of his death in 1896, were paid for during the time himself and Lillian V. Summerville lived together as man and wife, and thereby became the community property of Sidney B. Summerville and his wife, Lillian V. Summerville; and all notes paid by Lillian V. Summerville from the date of her husband's death up to the time of the conveyance of the property to Olschewski in satisfaction of the unpaid notes, would necessarily be her separate property; or, in other words, her separate means would have gone into this property to the extent of the notes so paid by her, and the defendants would be subrogated to all her rights and entitled to have the lien enforced against said property to the extent of the payments made by the defendant Olschewski, as well as the payments made by Lillian V. Summerville after the death of her husband; and therefore, her deed to Wm. H. Olschewski would pass absolute title to all the improvements to the extent paid for by Lillian V. Summerville after the death of her husband. The conclusions of law of the trial court are not sustained by the evidence or from the findings of said court, it appearing therefrom that the defendants were entitled to protection for a greater sum than that allowed by the trial court; and said court erred in said conclusions of law in holding that said minors were entitled to an undivided one-half of said property, including all improvements thereon. Ashe v. Young, 65 Texas, 638; Martin v. McAllister, 94 Texas, 567; Thompson v. Robinson, 56 S. W. Rep., 579; Hensel v. Loan Association, 85 Texas, 215; Telschow v. House, 10 Texas Civ. App., 671; Pearson v. Cox, 71 Texas, 246; Solomon v. Skinner, 82 Texas, 349; Willard v. Cleveland, 14 Texas Civ. App., 557.

Mrs. Hanks' deed, under the findings of the trial court, would have the legal effect of passing to the defendant, Wm. H. Olschewski, an undivided one-half interest in the lots, and the entire improvements thereon. Rev. Stats., art. 2237; Auerback v. Wylie, 84 Texas, 615; Davis v. McCartney, 64 Texas, 588.

Inasmuch as Sidney B. Summerville's wife surivived him, his children had no interest in the homestead as such, and the entire homestead rights passed upon his death to the surviving wife, who had a right to abandon said homestead at any time; and when so abandoned by her the children would have no further right therein; and inasmuch as in the

case under consideration the surviving wife sold and conveyed said property to the defendant, Wm. H. Olschewski, she thereby abandoned all her homestead rights to the same; and inasmuch as she at the time of said conveyance owned an interest in said property, the conveyance carried with it the right of possession to whatever interest she may have owned therein, and the right of partition between her vendee and the minor plaintiffs, if said minors owned any interest whatever in said property, and the judgment of the trial court having wholly disregarded these rights of said defendant, it was a reversible error.   Constitution, art. 16, sec. 52; Ashe v. Yungst, 65 Texas, 638; Martin v. McAllister, 94 Texas, 567; Watts v. Miller, 76 Texas, 16; Fagan v. McWhirter, 71 Texas, 569; Telschow v. House, 10 Texas Civ. App., 671.

The property in controversy being the homestead of Sidney B. Summerville and wife, Lillian V. Summerville, upon which there was a valid mechanic's lien created by them; and inasmuch as said parties owned no other community property, the District Court had jurisdiction to foreclose said lien, and for all purposes when a suit to foreclose is brought in said court, and said court had full power and authority, and it was the duty of said court to order the property sold to satisfy the lien established by said court; and inasmuch as there had never been any administration upon the community estate of Sidney B. Summerville and the homestead of said parties was not liable to administration, and the minors not liable for said debt, the county court had no jurisdiction whatever over the subject matter of this suit, and the District Court erred in referring the matter to said county court.   Telschow v. House, 10 Texas Civ. App., 671; Watts v. Miller, 76 Texas, 13-16; Ashe v. Yungst, 65 Texas, 631-637; Willard v. Cleveland, 14 Texas Civ. App., 557; Pearson v. Cox, 71 Texas, 246; Solomon v. Skinner, 81 Texas, 349.

Inasmuch as the children of Sidney B. Summerville had no interest in the homestead as such as against the surviving parent, Lillian V. Summerville, by virtue of the homestead rights of their deceased parent; and inasmuch as the surviving parent had power to abandon or sell said homestead, and when so abandoned or sold, the children's rights therein would cease, the guardian of their estate, so long as Lillian V. Summerville survived, could not have the homestead set aside to said minors, and deprive the survivor or her vendees of the possession thereof, and the order of the county court directing the said homestead to be set aside to said minors during the lifetime of said parent, or during the pendency of a suit to foreclose a valid lien upon said homestead, is void and of no effect, and the district court in which such suit for foreclosure is pending can not be bound by such an order or decree of the county court. Watts v. Miller, 76 Texas, 13-16; Ashe v. Yungst, 65 Texas, 631-637; Hensel v. Loan Association, 85 Texas, 219.

BROWN, ASSOCIATE JUSTICE.—Johnson Rice, as next friend of the minors, Robert, Augusta and Bessie Summerville, instituted this suit

in the District Court of Harris County against Jesse King, William H. Olschewski and the Houston Land and Trust Company, to recover an undivided half of the south half of lots 4 and 5, block 21, Castine addition to the city of Houston, and to establish a homestead right in the entire south half of the said lots. During the pendency of the suit Lillie Moran, the mother of the minors and who was the wife of Sidney B. Summerville, intervened, setting up that she had been appointed guardian of the estate and of the minor plaintiffs, and adopted the pleadings of the next friend. The defendant appeared and filed various pleas, but, as there is no question upon the pleadings of either party, it is unnecessary for us to say more than that they were sufficient to admit the evidence.

We copy from the opinion of the Court of Civil Appeals as follows:

"The following facts which we deem essential to a proper understanding of this opinion are deduced from the statement of facts. In 1889 Angelina Rice, the mother of Lillian V. Moran, conveyed to her and her then husband, Sidney B. Summerville, the land in controversy. In 1895 the grantees in that deed entered into a contract with L. R. Jones for the erection of a residence on the land and to secure him gave sixty notes and mechanic's lien on the premises for $850. A number of the notes were paid by Summerville. He died in 1897, leaving a considerable portion of the debt unpaid. In 1901 Mrs. Summerville married one Hanks, from whom she procured a divorce in a few months after marriage. While a feme sole Mrs. Hanks being unable to pay the debt on the premises, H. House, who owned the notes and lien, brought suit to foreclose, when at the instance of Mrs. Hanks, W. B. Washam took up the notes and they were transferred to him. By an agreement between Mrs. Hanks and Washam and Olschewski the latter paid off the debt, amounting to $475, and paid taxes and other sums amounting to $75, and Mrs. Hanks conveyed the property to him. Olschewski gave her another parcel of ground as a part of the consideration. The deed was made by her for herself and as survivor of Sidney B. Summerville. Olschewski sold the land to Jesse King, reserving a vendor's lien on the same to secure the purchase money. He indorsed the notes given by King to him to the Houston Land and Trust Company, but has since again become the owner of them. The minors who instituted the suit are the heirs of Sidney B. Summerville. Mrs. Hanks after her divorce from Hanks was married to one Moran, from whom she was divorced during the pendency of this suit. After the suit was instituted Mrs. Moran was appointed guardian of the estate of her minor children, herein named, and the County Court made an order setting apart to the minors the property in controversy as a homestead. Mrs. Moran intervened in the suit only as the representative of her children and asked for no relief in her own behalf."

The case was tried by the court without a jury and judgment was entered in favor of the minors, Robert, Augusta and Bessie Summerville,

that they recover of the defendants an undivided one-half of the south half of the lot described in the petition, and also that they have the exclusive possession and use of the entire property so long as the County Court of Harris County shall permit them to occupy it as a homestead. Judgment was also entered in favor of the defendant, Jesse King, for $190.78 against the minors with a lien upon the half of the property decreed to them. The judgment contained other provisions not necessary to mention here. The case having been removed by a writ of error to the Court of Civil Appeals in the names of the defendants, King, Olschewski and the Houston Land and Trust Company, the defendants in error moved in the Court of Civil Appeals to dismiss the writ of error as to King and the Houston Land and Trust Company, which motion was overruled and the Court of Civil Appeals reversed the judgment and remanded the case.

The plaintiffs in error claim that they were entitled to a homestead right in the entire property. The mechanic's lien, which was regular, was prior and superior to the homestead claim of the minor children, and the District Court erred in decreeing to the minors the right to use the entire property as a homestead. State Const., art. 14, secs. 37, 50.

The deed from Mrs. Hanks did not convey to Olschewski the undivided one-half interest which her children inherited from their father, and they are entitled to recover half of the land, subject to the directions hereafter given.

It is objected that the deed from Mrs. Hanks to Olschewski was void as to one-half of the improvements as well as one-half of the land, because it is claimed that when the house was built upon the land it ceased to be community property, although paid for with community funds, but became a part of the real estate and not liable to be sold separately from the land. It has been held that when one of the parties owns the entire land, upon which improvements were made with community funds, the land could not be taken to compensate for the improvements. Rice v. Rice, 21 Texas, 58. But when improvements are made upon lands in which the husband and wife each have separate interests, the improvements retain their character as community property, and, in division, the survivor may be compensated for his or her interest in such improvements by setting apart land equal to the value of the improvements, or less land with the improvements, so as to make them equal. Furrh v. Winston, 66 Texas, 521; Clift v. Clift, 72 Texas, 144.

Article 3294 of the Revised Statutes prescribes the effect of a mechanic's lien and the property upon which it shall hold a lien as follows: "Any person or firm, lumber dealer or corporation, artisan, laborer, mechanic or subcontractor who may labor or furnish material, machinery, fixtures or tools to erect any house or improvement or to repair any building or improvement whatever, * * * upon complying with the provisions of this chapter shall have a lien on such house, building, fix-

tures, improvements,  *  *  *  and shall also have a lien on the lot or lots of land necessarily connected therewith, to secure payment for the labor done, lumber, material, machinery or fixtures and tools furnished for construction or repair." The enforcement of the mechanic's lien is provided for by the following articles of the Revised Statutes: "Art. 3301. The lien herein provided for shall attach to the house, building, improvements,  *  *  *  for which they were furnished, or the work was done,  *  *  *  and the person enforcing the same may have such house, building or improvements  *  *  *  sold separately." "Art. 3302. When the house, building, improvement,  *  *  *  are sold separately, the officers making the sale shall place the purchaser in possession thereof, and such purchaser shall have the right to remove the same within a reasonable time from the date of the purchase." It will be seen from these provisions that as against the rights of the lienholder the improvements did not become a part of the real estate, but are treated as if they had been made under a contract for removal, because the statute provides that the foreclosure may be had upon the house alone, and that the purchaser might remove it, which could not be done consistently with the proposition that such improvement became a part of the realty.

In Furrh v. Winston, cited above, the facts were briefly these: Washam, during the lifetime of his wife, used the funds of the community to build upon her separte property a storehouse and other buildings. The wife owned, in addition to the lot upon which these buildings were constructed, various other parcels of land. The wife died leaving a number of children surviving her. After her death two of the children died, and the father inherited from them an interest in the separate property, the lands of his deceased wife. He conveyed the entire lot upon which he had constructed the storehouse and other buildings, and subsequently the children of his wife brought suit against his vendees to recover the land, who set up the facts, claiming that they were subrogated to the equity of Washam, their vendor, in the improvements; that is, they were entitled to one-half of the value of the improvements and to all his interest in the land. The court held that in the partition of the estate the land should be so divided as to secure to defendants the rights of their vendor in the improvements as well as in the land. The case is quite similar in its facts to this, and the principle upon which the decision rests is applicable to the present case. Olschewski's vendee is entitled to receive the benefit of the improvements made with the community funds, which he bought from the surviving wife, as well as her half interest in the land.

It is claimed that Mrs. Hanks' authority as surviving wife of Summerville terminated with her marriage to Hanks, hence her deed to the community property is void. It is true that upon her marriage she could no longer exercise the powers of surviving wife whether she had qualified under the statute or not. Davis v. McCartney, 64 Texas, 588; Auerback

v. Wylie, 84 Texas, 615. The general authority of a surviving wife, who has not qualified under the statute, arises out of her interest in the community property and not from her relation to the deceased husband; hence, when she became the wife of another and subject to his control her legal status is so changed that she can not act without the concurrence of her husband, and it is the policy of the law that her powers over the common property of the former marriage should be suspended during the continuance of the second marriage, but, upon the termination of the latter marriage, she would be restored to her status as feme sole, and her interest in the community property being the same, she would possess all of the qualifications which existed before her second marriage. We conclude that, after the termination of the second marriage, Mrs. Hanks had all the authority as the surviving wife of Hanks [Summerville] that she had during her first widowhood, and the house and improvements upon the lot being community property, incumbered with a lien, which was a debt against the community, she had the power to sell the property for the purpose of satisfying that debt; therefore, the conveyance of Mrs. Hanks carried with it to Olschewski the improvements upon the property made with the community funds upon which the lien existed as well as the half interest in the land which belonged to her, and King is entitled in the partition of the lands to be compensated for such improvements.

The refusal of the Court of Civil Appeals to dismiss the case as to King and the Houston Land and Trust Company, if error, worked no injury to them, because Olschewski having a lien upon the property to secure the purchase money, the judgment against King, if allowed to stand, would have destroyed that lien; therefore Olschewski was interested in the judgment and could have prosecuted the writ of error after the other plaintiffs had been dismissed, and a reversal of the judgment as to him would have reversed it as to all the parties.

There is no evidence of any homestead right in the land in question, prior to the making of the contract between Hanks and wife and L. R. Jones for the building of the house. The lien given to secure the attorney's fee is valid. West End Town Co. v. Grigg, 93 Texas, 457.

We affirm the judgment of the Court of Civil Appeals reversing the judgment of the District Court, but the facts necessary to a final judgment have not been developed and the case will be remanded to the District Court to be disposed of under the following instructions: The plaintiffs are entitled to recover one-half of the land, exclusive of improvements, which will be set apart to them if it can be so divided as to give to King the other half and improvements; if not, then the partition must be conducted in the usual way. Mrs. Moran's (formerly Hanks) liability to the plaintiffs is not involved in this suit, but Jesse King has the same rights that she would have if the settlement were being made between Mrs. Moran and her children. The equities between the plaintiffs and King shall be adjusted on the following basis: The court will ascertain

the addition to the value of the land caused by the building of the house at the time the sale was made by Mrs. Hanks to Olschewski, and also the value of the lots conveyed by Olschewski to Mrs. Hanks at the time the conveyance was made; the sum of the two amounts will constitute a charge against King, for the purposes of this case only. The court will ascertain the value of Mrs. Hanks' interest in the lot at the time of the conveyance to Olschewski, the principal of the debt secured on the property with interest and attorney's fee at the date of the said conveyance, also the amount paid by Mrs. Hanks for abstract of title and taxes on the land, and the sum of the said items shall be a charge against the plaintiffs' interest in the land. If the amount charged against King equals the sum charged against plaintiffs, King's equities will be satisfied and the court will consider the matter no further. If, however, the charge against plaintiffs be greater than the sum charged against King, then the court shall divide the excess equally and adjudge one-half to King with a lien on plaintiffs' interest in the land to be enforced through the probate court, unless it shall be necessary to sell the property for partition, in which case, the amount shall be paid out of the proceeds of plaintiffs' interest in the land.

The case is remanded.

*Reversed and remanded with instructions.*

### ON MOTION FOR REHEARING.

There is an error in this sentence of the original opinion: "There is no evidence of any homestead right in the land prior to the making of the contract between Hanks and wife and L. R. Jones." It should be, Summerville and wife, and the original opinion will be corrected to so read.

The claim now urged, that Summerville and wife had a homestead upon the lots before the building contract was made with L. R. Jones, was so obscurely presented by the record that the writer did not understand the evidence in that sense, hence the statement in the opinion above quoted. The instructions to the trial court will be so amended that the court is directed, in case the evidence shall show that Sidney B. Summerville and wife had a homestead upon said lots at and before the making of said contract with Jones, then the item of attorney's fees will be excluded in ascertaining the amount to be charged against the land.

Filed January 19, 1905.