J. I. CASE THRESHING MACHINE COMPANY v. MRS. M. S. BURNS ET AL.

Decided March 4, 1905.

**Negligence—Dangerous Machinery—Injury to Child.**

An owner of machinery attractive to children, rightfully engaged in moving it through the streets of a city, is not liable for injury to a child of seven years who, in sport, suddenly and unexpectedly ran in between the moving sections thereof, after those in charge of the machinery had repeatedly warned him to keep away from it.

Appeal from the District Court of Dallas. Tried below before Hon. Richard Morgan.

*Wendell Spence,* for appellant.—1. The owner of machinery, in the lawful and ordinary use thereof, is under no legal obligation to keep watch over his machinery in order to exclude therefrom trespassing children, and prevent injury to them while playing thereon. He is not obliged to use care to prevent such trespassers from entering upon his machin-

ery, but is liable only in case he actually discovered the peril of the trespasser in time to have averted injury to him by the use of the means within his power. Missouri, K. & T. Ry. Co. v. Magee, 92 Texas, 616-621; Texas & P. Ry. Co. v. Breadow, 90 Texas, 31; Texas & P. Ry. Co. v. Stagg, 90 Texas, 461; Missouri, K. & T. Ry. Co. v. Edwards, 90 Texas, 65; Flores v. Railway Co., 66 S. W. Rep., 709; House v. Blum, 56 S. W. Rep., 82; Gulf, C. & S. F. Ry. Co. v. Cunningham, 26 S. W. Rep., 474; Missouri, K. & T. Ry. Co. v. Richie, 37 S. W. Rep., 868.

2. The trial court erred in submitting this case to the jury because the evidence was such as that under the law no verdict could legally be rendered against this defendant in behalf of either one of the plaintiffs, in that there was no evidence sufficient in law to render this defendant in any wise liable to either one of the plaintiffs. An owner of machinery, although it may be specially attractive and alluring to children, while being moved lawfully through a public street, is under no legal obligation to furnish guards to prevent the intrusion of children thereon. And if he has warned a trespassing child to desist from entering upon the machinery, or being about it, and if the child, notwithstanding such warning, enters upon the machinery while in motion, without the knowledge of the owner, and is injured, such owner can not legally be held liable in damages to such trespassing child. S. A. & A. P. Ry. Co. v. Morgan, 92 Texas, 98; Missouri, K. & T. Ry. Co. v. Edwards, 90 Texas, 65, 32 S. W. Rep., 815; Dobbins v. Missouri, K. & T. Ry. Co., 91 Texas, 60; Flores v. Atchison, T. & S. F. Ry. Co., 66 S. W. Rep., 709; Gulf, C. & S. F. Ry. Co. v. Cunningham, 26 S. W. Rep., 475; Missouri, K. & T. Ry. Co. v. Richie, 37 S. W. Rep., 869; Simonton v. Citizens, etc., Co., 67 S. W. Rep., 530; House v. Blum, 56 S. W. Rep., 82; Fort Worth & D. C. Ry. Co. v. Shetter, 94 Texas, 196; Missouri, K. & T. Ry. Co. v. Halton, 95 Texas, 112; Texas & P. Ry. Co. v. Ball, 96 Texas, 623; Missouri, K. & T. Ry. Co. v. Eyer, 96 Texas, 72; Barney v. Railway Co., 28 S. W. Rep., 1069.

*Carden, Senter & Carden,* for appellee.—The evidence in the record sustains the contention of appellees that appellant is liable. St. Louis S. W. Ry. Co. v. Abernathy, 68 S. W. Rep., 539; Thompson v. Missouri, K. & T. Ry. Co., 32 S. W. Rep., 191; Missouri, K. & T. Ry. Co. v. Edwards, 36 S. W. Rep., 430; Evansich v. Railway Co., 57 Texas, 127; S. A. & A. P. Ry. Co. v. Morgan, 45 S. W. Rep., 374; Ollis v. Houston, E. & W. T. Ry. Co., 73 S. W. Rep., 30; Houston, E. & W. T. Ry. Co. v. Ollis, 83 S. W. Rep., 850; Cook v. Navigation Co., 13 S. W. Rep., 475.

RAINEY, CHIEF JUSTICE.—This is a suit for damages brought by Mrs. M. S. Burns, for herself and as next friend for her minor son, Jarrell Burns, against the appellant. Upon trial verdict and judgment were rendered for Mrs. Burns, from which this appeal is prosecuted.

On September 24, 1903, appellant was moving two or more rigs of machinery, consisting of traction engines, thresher, etc., along the public street in Dallas, from its down-town warehouse to the fair grounds, in the eastern part of the city. The machinery was attractive to children. Jarrell Burns, seven years of age, and other children of various ages, followed the machinery as it moved through the streets, and, when

nearing the fair grounds, Jarrell Burns, while attempting to pass between parts of the machinery, was run over and injured. Jarrell Burns, as well as all the boys, had been driven away from the machinery, and repeatedly warned to stay away therefrom, etc.

The court was requested to instruct the jury as follows, which instruction was refused, and this is assigned as error, viz.: "The uncontradicted evidence in this case shows that the defendant, through its agents and employes in charge of its machinery while same was being moved through the streets of the City of Dallas, at the time of the happening of the accident complained of by plaintiff, not only did not invite the plaintiff, Jarrell Burns, to go upon or about said machinery, but said evidence shows that defendant, through its said agents and employes, commanded and directed the plaintiff, Jarrell Burns, not to go or be about said machinery. Therefore, unless some one of the defendant's agents or employes in charge of moving said machinery knew, before the accident complained of, that Jarrell Burns had placed himself in a position of peril or danger, and had such knowledge a sufficient length of time before the accident to have prevented the accident and injuries to Jarrell Burns by the use of such a degree of care as they might reasonably have used under the circumstances, then you will return your verdict for the defendant."

This charge, or one of similar import, should have been given.

The appellant had the right to move the machinery along the streets of Dallas, and it seems, from the evidence, that the employes of appellant gave the boys warning, and ran them away from the machine repeatedly. If their testimony is to be believed, and it does not seem to be contradicted, they were, when not paying attention to operating the machinery in its transportation, continually driving the boys away, and warning them to desist from hanging on the machinery or being in close proximity thereto. Jarrell Burns' running in between the machinery seems to have been sudden, and he was not seen by any of the employes of appellant.

The principles governing this case are the same as announced by our Supreme Court in Construction Company v. Bostick (98 Texas, 239, 83 S. W. Rep., 12). Judge Gaines, in delivering the opinion in that case, said: "The defendant did not owe the duty of guarding its premises and machinery against trespassers, even though they may have been children of very immature discretion. We think, however, that in analogy, at least, to the doctrine of discovered peril, when an employe in charge of the gins saw a child of tender years intruding into a place of danger, or in such close proximity to the machinery that he was likely to so intrude, it became his duty to take steps for its protection. But we are of opinion that this duty would have been performed by warning the child of its danger, and by removing it from the room in which the machinery was in operation to a place of safety. It was then no more the duty of the company to place a watchman over it than it was its duty in the first instance to have someone on guard for the protection of such trespassers."

The judgment will be reversed and cause remanded.

### ON REHEARING.

The appellees, in their motion for a rehearing, admit that no further evidence could be produced on another trial, and that the decision of this court practically settles the case, and to prevent the trouble and expense of another trial it is asked that this court make a final disposition thereof. Believing as we do, that the evidence fails to support a verdict of recovery for the appellees, we grant appellees' request, and reverse the judgment of the court below, and here render judgment for appellants, instead of remanding the case for another trial.

As we are rendering, instead of remanding the cause, we deem it proper to state our conclusions of the evidence. The machinery being moved was attractive to children, which was known to appellant, and an extra force had been put on in order to keep children from being hurt. It took several hours for the machinery to traverse the distance from the warehouse to the fair grounds. As it moved along the streets boys of various ages would approach it and swing onto it until driven away by appellant's servants. They would come and go, and others drop into their places. While in motion some of them would run in between the machinery and play "horsey" over and upon the tongue. When Jarrell Burns reached the machinery it was within one-half mile of where he was hurt. The employes repeatedly drove them away from the machine, and warned them to stay away or they would get hurt, but when the employe would turn his back the boys would return to the machine and hang onto it as before.

Jarrell Burns testified that he was made to get away once, and heard the men tell the boys to get away two or three times. The proof is uncontradicted that the employes time and time again told the boys to get away, and used a stick in hitting at the boys' hands as they clung to the machine to make them stay away from the machine. While the machine was moving Jarrell Burns, without being seen by the employes, ran between the separator and tank to cross over, when he stumbled over the tongue of the separator and was hurt. The appellant was not guilty of negligence in failing to use proper care to prevent the injury.

In support of appellee's contention that appellant was guilty of negligence, and should be held liable, among others, the cases of Railway v. Cunningham (30 S. W. Rep., 367) and Railway v. Abernathy (28 Texas Civ. App., 613, 68 S. W. Rep., 539) are cited. The facts of those cases are, in our opinion, different from this case. In the Cunningham case the train was at a standstill, loading cattle, and a small boy was present watching the loading. The employes had warned him to leave, but he did not. He was still there when the train moved, and he was hurt by a plank that had been negligently left in a position where it was liable to hurt someone by the moving off of the train. In the Abernathy case a number of boys had been allowed to congregate around and get upon a work train, with engine attached, that was standing. When the employes were ready to start the boys were ordered away, but one was about the cow-catcher when the train was moved, and he was run over and killed by the moving train. It was held that there was negligence in not seeing that none of the boys were in a dangerous place before starting the train.

In this case the machinery was moving at a slow pace when Jarrell Burns was hurt. He had been warned that it was dangerous. He had been in the rear of the machine, and had hung on the back part, where there was little chance to be run over had he fallen. His running in between the separator and tank was sudden, and such an act as, under the circumstances, appellant was not required to anticipate.

Appellant had the right to move its machinery along the streets, and was required to use ordinary care to prevent injuring anyone, and this we think appellant's employes exercised on this occasion. The principle announced in the Bostick case, cited in our original opinion, is, we think, applicable here. It is insisted that the facts in that case show the gin was private property and the boy a trespasser. While it may have been private property, it was being operated by a company in ginning for the public.

It might be asked, What was appellant to do under the circumstances? Appellant should not be required to anticipate that the boys would be so heedless as not to heed the warning of danger, and to have a sufficient force to attend to the machinery and to keep the boys away under the circumstances. Appellant had no control over the streets. It had no control over the boys. The boys had a right to be in the streets, and when the boys were around the machinery, what could appellant do but drive them away the best it could, and continue the journey? We do not believe the law required it to stop and hunt up police sufficient to keep the boys away in anticipation that some boy would run in between the separator and tank, if the journey was continued.

The motion for rehearing, to the extent that the cause will be rendered in favor of appellant, instead of remanded, is granted.

Writ of error refused.