**M. K. CHAMBERLAIN, dba M. K. Chamberlain Brick Co., Appellant,**

v.

**DOLLAR SAVINGS BANK OF. NEW YORK,**
**Appellee.**

No. 8014.

Court of Civil Appeals of Texas,
Amarillo.

Jan. 26, 1970.

Rehearing Denied March 2, 1970.

Arthur J. Lamb, Amarillo, for appellant.

Sam Houston Clinton, Jr., Austin, amicus curiae on motion for rehearing.

Day, Owen & Lyle and Gene V. Owen, Plainview, for appellee.

NORTHCUTT, Justice.

This is a suit by appellant, Chamberlain, for debt based upon a contract with Powers Homes, Inc. (owner of the subject property at the time of construction) and for foreclosure of a constitutional lien and of a statutory mechanic's and materialman's lien against the subject property. At the time the suit was filed, title to said property was in the defendants, Boyd L. Truax and wife, Helen Jeanette Truax. Subsequently, Dollar Savings Bank of New York succeeded to the interest of the defendants Truax and is appellee herein. Defendant, Powers Homes, Inc., defaulted and judgment was taken by appellant against Powers Homes, Inc., for the sum of $1,169.29 plus

cost without waiving appellant's lien or right to foreclose. Upon a trial of the case before the court without a jury, judgment was entered that appellant take nothing by his suit against Dollar Savings Bank of New York and cancelling, annulling and removing appellant's lien from the subject property. From that judgment appellant perfected this appeal.

The evidence reflects that on December 3, 1965, Powers Homes, Inc., executed a deed of trust recorded the same day to Lumbermen's Investment Corporation on Lot 14, Block 10, Edgemere Addition, Unit No. 4 to the town of Plainview, Hale County, Texas, to secure an indebtedness of $13,950.00. The deed of trust provided "grantors expressly represent that this deed of trust and the note hereby secured are given for the following purpose, to wit: to secure the advances of certain sums of money as set out in that certain Constructive Loan Commitment Agreement executed by and between Powers Homes, Inc., Phil Berg, and Lumbermen's Investment Corporation bearing even date herewith." The instrument was in connection with an interim financing arrangement under which Lumbermen's Investment Corporation agreed to advance funds to Powers Homes, Inc., to pay for the lot and the cost of constructing improvements thereon. The lot was conveyed to Powers Homes, Inc., by deed dated November 29, 1965 and recorded on December 3, 1965. Such funds were advanced to Powers Homes, Inc., in installments between December of 1965 and June of 1966. On or about April 15, 1966, plaintiff furnished brick that was used to brick veneer the house together with a fireplace damper, firebrick and angle iron in the construction of the fireplace and chimney in said house. At the time the brick was furnished the house was partially completed on the lot in question, and the house was in "dry" with walls, roof, doors, windows installed.

Power Homes, Inc., having defaulted on its note to Lumbermen's Investment Corporation, the latter caused a trustee's sale to be held on the 6th day of December, 1966. At this sale, Lumbermen's Investment Corporation bought said property and then on December 9, 1966, deeded the property to Boyd L. Truax and wife, Helen Jeanette Truax. At the time of the trial, Dollar Savings Bank of the City of New York, appellee herein, was the record owner of the lot in question.

The sole issue to be determined herein is whether the original lien held by Lumbermen's Investment Corporation dated and recorded December 3, 1965 was superior to the Chamberlain lien. We must assume from this record that Powers Homes, Inc., was the builder of the house here in question since it is undisputed that there was no general contract between Powers Homes, Inc., the record owner of the property in question at the time the deed of trust was given, and a contractor. The trial judge held in this case that the deed of trust lien from Powers Homes, Inc., to Lumbermen's Investment Corporation dated and recorded on December 3, 1965, was superior to plaintiff's lien because the brick in question had become so permanently attached to the lot and existing improvements that it could not be removed therefrom without material injury or detriment to the lot and the improvements as they existed at the time the brick was furnished.

The deed of trust here in question was executed, delivered and of record prior to any materials being placed upon the lot and appellant had constructive notice thereof and of its provisions. The building was partially completed on the lot and the house was in the "dry" with walls, roof, doors and windows being installed prior to the brick being delivered and placed on the building. The condition of the building at the time the brick was furnished and placed on the building was such that it became a part of the realty while being constructed and was notice to appellant who furnished the brick that it could not be re-

moved and that it had become a part of the realty.

The record shows that at the time the brick was furnished by appellant there had been duly filed of record an instrument showing that the Lumbermen's Investment Corporation was under an agreement to advance certain sums of money as set out in a certain Constructive Loan Commitment Agreement executed by and between Powers Homes, Inc. and Lumbermen's Investment Corporation for the purpose of building the house here in question, and thereby appellant was put on notice that any permanent improvements which might be put on the lot which could not be removed therefrom without injury thereto, would be subject to sale as a part of the lot for the payment of any sum of money which the owner thereof might be due Lumbermen's Investment Corporation. Consequently, this situation prevents the fixing of appellant's lien upon the lot and upon the building located on the lot since such structure could not be separated or removed therefrom. The brick here furnished was merged into the improvements which could not be severed without damaging the realty, and the materialman's lien does not have priority. It is stated in Regold Manufacturing Co. v. Maccabees, Tex.Civ.App., 348 S.W.2d 864 (n. r. e.) as follows:

"If a mortgage is executed and recorded before work has been commenced or any materials have been furnished, although the mortgagor remains in possession, the mechanic or material man has notice of the mortgage, and furnishes the labor or material solely on the personal credit of the mortgagor, and on his interest in the land subject to the mortgage."

It is stated in Irving Lumber Co. v. Alltex Mortgage Co., Tex.Civ.App., 446 S.W.2d 64 as follows:

"Lumber Company concedes that Alltex's vendor's liens are superior as to the land to Lumber Company's liens. However, mechanic's and materialman's liens have priority under Art. 5459, V.A.C.S., as to improvements and the improvements may be sold separately if the improvements can be severed without damaging the realty. If the improvements are merged into other improvements which cannot be severed without damaging the realty the mechanic's and materialman's liens do not have priority. Parkdale State Bank v. McCord, 428 S.W.2d 121 (Tex.Civ.App., Corpus Christi 1968, writ ref'd n. r. e.) and cases there cited. Also see Vol. XXI Baylor Law Rev., p. 28 and cases there cited; and 40 Tex.Law Rev., pp. 876–877 and cases there cited."

We are of the opinion the case of Crabb v. William Cameron & Co., Tex.Com.App., 63 S.W.2d 367 by the Commission of Appeals and approved by the Supreme Court is directly in point herein. Appellant was granted judgment against Powers Homes, Inc., for the value of the brick furnished. The court found that the appellant's lien had its inception on the date the brick was furnished, and that the brick could not be removed without detriment or material injury to the remaining improvements which were in existence on such date when the brick was furnished. The court then entered judgment decreeing that the mechanic's lien affidavit filed by appellant be, and the same was, cancelled, annulled and removed as a lien upon the title of the lot in question. We approve of the holding of the trial court. The judgment of the trial court is affirmed.