HOAREL SIGN COMPANY, Appellant,

v.

DOMINION EQUITY CORPORATION,
Appellee.

No. 07–94–0363–CV.

Court of Appeals of Texas,
Amarillo.

Oct. 25, 1995.

Rehearing Overruled Nov. 21, 1995.

Law Offices of Russell L. Robinson, Russell L. Robinson, Amarillo, for appellant.

Mullin, Hoard & Brown, L.L.P., Robert R. Bell, Johnny K. Merritt, Amarillo, for appellee.

Before DODSON, BOYD and QUINN, JJ.

QUINN, Justice.

Hoarel Sign Company (Hoarel) appeals from a summary judgment denying it recovery against Dominion Equity Corporation (Dominion). In three points of error, it asks whether questions of fact exist concerning recovery upon its constitutional lien, recovery upon its equitable lien, and recovery *vis-a-vis*

the applicable statute of limitations. We reverse.

## Facts

Hoarel contracted with William S. Kemp, individually and d/b/a M.B. Hilton Investments, Inc. (Hilton) for the removal of an old and the installation of a new sign on a building owned by Hilton. To manifest their agreement, the parties executed a written mechanic and materialman's lien (M & M lien) contract and installment note on March 10, 1989. The building and land on which the sign was to be placed was already encumbered by a pre-existing deed of trust in favor of Caprock Savings and Loan Association (Caprock), however.

Hoarel performed as agreed. Furthermore, Hilton paid some of the installments contemplated by the note, but the debtor began to experience financial difficulties. In February of 1990, it renegotiated payment with Hoarel. Yet, this apparently proved fruitless since it eventually petitioned for Chapter 11, then Chapter 7, bankruptcy relief.

Coincidentally, Hilton was not the only business experiencing financial distress. Caprock too suffered, and its assets were placed in receivership. Furthermore, the Resolution Trust Corporation (RTC), in its capacity as a receiver, was appointed to protect or liquidate them. In pursuit of that goal, the RTC moved the bankruptcy court for permission to foreclose upon the Hilton deed of trust. The court acquiesced and entered an order lifting stay under 11 U.S.C. 362 on January 7, 1991.[1] Consequently, the RTC foreclosed upon the deed on January 4, 1991, and acquired the Hilton property. It conveyed same to Dominion two years later.

In August of 1993, Hoarel sued Dominion. Acknowledging that it had not complied with the procedure requisite to securing a statutory M & M lien, the appellant believed itself entitled to a constitutional M & M lien and so pled in its suit. Dominion subsequently moved for and secured a summary judgment denying Hoarel all relief.

## Point of Error One

As previously mentioned, Hoarel sought to foreclose upon a constitutional lien. Dominion did not dispute that the appellant had such an encumbrance but contended that it was extinguished when the RTC foreclosed upon the deed of trust. In response, Hoarel asserted that the items encompassed by its lien were "removables" and, therefore, insulated from the RTC foreclosure. We agree with Hoarel.

### a. Doctrine of Removables

An item is removable if it can be detached from the building or realty without materially injuring the remaining property, the improvements, or the items removed. *Federal Deposit Ins. Corp. v. Bodin Concrete Co.*, 869 S.W.2d 372, 382 (Tex.App.—Dallas 1993, writ denied); *Justice Mort. Inv. v. C.B. Thompson Constr. Co.*, 533 S.W.2d 939, 944 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e). A mechanic's lien encumbering such material or improvements is superior to pre-existing deeds of trust. *Id.* However, if removal would result in material injury, the deeds of trust constitute the superior claims. *Id.*

That the mechanic's lien arises from constitutional, as opposed to statutory fount, matters not. The doctrine of removables has historically been applied to both. *See, e.g., Federal Deposit Ins. Corp. v. Bodin Concrete Co., supra* (involving a constitutional lien); *Justice Mort. Inv. v. C.B. Thompson Constr. Co., supra* (involving both); *Chamberlain v. Dollar Sav. Bank of New York*, 451 S.W.2d 518 (Tex.Civ.App.—Amarillo 1970, no writ) (involving both); *Freed v. Bozman*, 304 S.W.2d 235 (Tex.Civ.App.—Texarkana 1957, writ ref'd n.r.e.) (involving both).

Indeed, the sole case Dominion cited in effort to restrict application of the doctrine to statutory liens, that is, *In re Boots Builders, Inc.*, 11 B.R. 635 (Bktcy.N.D.Tex.1981), is inapposite. The

---

1. So too did Hoarel petition for relief from the automatic stay safeguarding the Hilton bankrupt-cy estate. Nevertheless, the record does not disclose whether the court acted upon the request.

court there refused to apply the rule because it would have subverted the claim of a bona fide purchaser, that is, a bankruptcy trustee. The latter, according to federal law, enjoys the status of a bona fide purchaser for value. *In re Mid–America Petroleum, Inc.*, 83 B.R. 937, 943 (Bktcy.N.D.Tex.1988). Since a constitutional lien is ineffective against such a person, *id.*, the creditor in *Boots* could not invoke the doctrine to defeat the trustee's interests. In other words, the court held that the rights of a bona fide purchaser surpass those of a constitutional lien claimant in spite of the doctrine of removals; it did not hold that a constitutional lien claimant may not invoke the theory.

### b. Application to Summary Judgment Evidence

■ At bar, the affidavit supplied by Hoarel to defeat summary judgment stated that the "sign [was] installed in such a fashion that it can be removed without material injury to the land, any pre-existing improvements, or to the message center and associated structure itself." Accepting the attestation as true, which we must for purposes of appeal, and acknowledging that no one objected to it as conclusory, a question of fact exists as to whether the improvements and materials were removable. Thus, we sustain point one.

### Point of Error Two

As its second point of error, Hoarel argues that material issues of fact existed concerning its claim for an equitable lien. We disagree and overrule the point.

### a. Equitable Lien

■ Assuming that Hoarel sufficiently pled for the imposition of an equitable lien, we note that equity stays its hand when the claimant had an adequate remedy at law. *Barfield v. Henderson*, 471 S.W.2d 633, 639 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.). For instance, one may not obtain an equitable lien when he had available to him but failed to pursue a lien created by statute. *Colleps v. George W. Smith Lumber Co.*, 185 S.W. 1043, 1044 (Tex.Civ.App.—Beaumont 1916, writ dism'd); *see In re*

*McConnell*, 122 B.R. 41, 46 (Bktcy.S.D.Tex.1989) (refusing to impose an equitable lien in circumstances where the claimant could have secured a deed of trust).

### b. Application to Summary Judgment Evidence

■ Here, Hoarel enjoyed a constitutional mechanic's lien on a potentially removable improvement. This particular legal remedy prevented him from later seeking the imposition of an equitable lien. That the appellant delayed invoking, and thereby lost, the legal remedy is of no import. It may not turn to equity to relieve it from the consequences of its delay.

### Point of Error Three

Hoarel lastly contends that limitations did not pose a bar to foreclosure. It cites § 16.035(a) of the Texas Civil Practice and Remedies Code as the applicable limitations statute. In response, Dominion asserts that the limitations period found at § 53.158 of the Texas Property Code controls. Both litigants are incorrect.

### a. Section 53.158 of the Texas Property Code

■ The 71st Texas Legislature enacted § 53.158 of the Property Code and directed that it become effective on September 1, 1989. Rather than leave open the question of whether it applies to previously created liens, it limited application to "original contracts" entered into on or after September 1, 1989. 3 *Gen. & Spec. Laws of Texas*, 71st Legislature, Ch. 1138, Sec. 40 (1989). "Matters relating to an original contract that is entered into before that date [were to be] ... governed by the law as it existed on the date the contract was entered into, and the prior law is continued in effect for that purpose."

The summary judgment evidence indicates that Hilton signed the original mechanic's lien contract, and promissory note, in February of 1989. Because execution of the original contract occurred before September 1, 1989, § 53.158 of the Property Code is inapplicable at bar. *See Hubble v. Lone Star*

**144**

*Contracting Corp.,* 883 S.W.2d 379, 381 n. 1 (Tex.App.—Fort Worth 1994, writ denied) (stating that § 53.158 "provides for a two-year limitations ... for contracts entered into after ... September 1, 1989").

### b. Section 16.035 of the Texas Civil Practice & Remedies Code

So too is § 16.035 of the Texas Civil Practice and Remedies Code irrelevant. That provision, titled "Lien Debt on Real Property," replaced article 5520 of the Texas Revised Civil Statute. The latter article regulated suits to foreclose encumbrances, including mechanic's and materialman's liens, on real property. Like its predecessor, 16.035 is also limited to security interests, including mechanic's and materialman's liens, on *real estate. Tex.Civ.Prac. & Rem.Code Ann.* 16.035(f)(2) (Vernon 1986); *accord Palmer v. Palmer,* 831 S.W.2d 479, 481–82 (Tex.App.—Texarkana 1992, no writ) (holding § 53.158 synonymous with article 5520). Thus, to trigger § 16.035, the lien must encumber realty, and this requirement proves fatal to Hoarel.

According to the Texas Supreme Court in *Summerville v. King,* 98 Tex. 332, 83 S.W. 680 (1904), removable improvements do not become part of the real estate. *Id.* 83 S.W. at 682; *accord Parkdale State Bank v. McCord,* 428 S.W.2d 121, 124–25 (Tex.Civ. App.—Corpus Christi 1968, writ ref'd n.r.e.) (holding to the same effect). A lien on removables, therefore, fails to satisfy the conditions of § 16.035 since it does not attach to any real estate. As long as Hoarel contends that its improvements were removable, § 16.035(a) can be of no succor to it.

### c. Applicable Limitations

Finding that neither § 53.158 nor § 16.035 control, we turn to other authority to uncover the pertinent limitations statute. In doing so, we recognize that under the common law a lien is simply an incident of, and inseparable from, the debt which it secures. *University Sav. & Loan Ass'n v. Security Lumber Co.,* 423 S.W.2d 287, 292 (Tex.1967); *Holcroft v. Wheatley,* 112 S.W.2d 298, 299 (Tex.Civ.App.—Amarillo 1938, writ dism'd). Indeed, if limitations prevent collec-

tion of the debt, then the lien becomes unenforceable. *Id.*

Reason, therefore, dictates that the time period within which one must sue to recover a debt, in circumstances like those here, is also the same period within which one must sue to foreclose upon the lien. *Id.* Following this premise and recognizing that one has four years to sue to recover a debt, *Tex.Civ.Prac. & Rem.Code Ann.* 16.004(a)(3), we conclude that the mechanic's lien holder must sue to foreclose within the same four year period. *Hubble v. Lone Star Contracting Corp.,* 883 S.W.2d at 381. Additionally, if the obligation is payable in installments, such as that at bar, limitations run against each installment as it accrues. *Gabriel v. Alhabbal,* 618 S.W.2d 894, 897 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.).

Applying the pertinent limitations to the summary judgment evidence at hand would suggest that collection of all but the last note installment was barred. Limitations would have ran against the other payments since they matured more than four years before suit began, that is, August 23, 1993.

Yet, Hoarel's president attested that in February of 1990 Hilton "requested that the note be extended such that all remaining sums due ... would be paid in monthly increments of $2,500.00." Furthermore, payments were made "at the time of the renewal on that basis" and continued until they *again ceased in November of 1990.* Other summary judgment evidence indicates that during the period of extension Hoarel charged additional interest per the terms of the original note. Interpreting these circumstances in the light most favorable to Hoarel, again as required of us, we spy the presence of a material fact question regarding the extension of the 1989 note and the sum recoverable through foreclosure. In particular, where parties to a note, past due but unbarred by limitations and which bears interest until paid, mutually agree to extend payment of the note, a new contract, based upon new consideration, arises. *Maceo v. Doig,* 558 S.W.2d 117, 119–20 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.); *McNeill v. Simpson,* 39 S.W.2d 835, 835 (Tex.Comm'n

App.1931). Moreover, so extending the note sets limitations running anew. *McNeill v. Simpson*, 39 S.W.2d at 836. In other words, the alleged extension agreement between Hoarel and Hilton extended limitations to four years from February 1990. More than the last installment may be collected through foreclosure, if Hoarel proves its allegations at trial, and we, therefore, sustain point of error three.

The summary judgment is reversed and the cause is remanded ·for trial.[2]

---

**2.** In reaching the decision we do, we withhold comment upon the effect Hilton's bankruptcy had on the enforceability of the note. Should that note be no longer enforceable due to discharge or some other federal law, it may well be that the lien is also unenforceable. Since no one argued the point, we do not address. Nor do we opine on the effect 12 U.S.C. 1823(e) may have had on the enforceability of the extension agreement, given RTC's involvement in the transaction; again no one raised the issue.