STEPHEN A. HIGGINSON, Circuit Judge,
dissenting in part:
Concerned about the consequences for Texas property owners, I respectfully dissent from the majority opinion’s holding that threatening to nonjudicially foreclose to collect the entirety of a debt that is partially time-barred cannot violate the FDCPA. The majority opinion emphasizes that this case is unique because of “its summary judgment posture.” But the majority opinion affirms summary judgment based on a “hot dispute”—the applicable statute of limitations, which is a legal question to be decided by the court.
And the majority opinion incorrectly holds that, as matter of law, FDCPA claims must fail when “only a small portion of the debt [sought to be collected] may have been time-barred.” I would hold instead that, consistent with the text and spirit of the Act, demanding full repayment of a partially time-barred debt under the threat of foreclosure—implying that the entirety of the debt is legally enforceable—violates the FDCPA. We should reverse and remand for further proceedings on Mahmoud and Jackson’s claims under 15 U.S.C. §§ 1692e and 1692Í.[1]
*336 Because the majority opinion presupposes two elements of Mahmoud and Jackson’s FDCPA claims—whether the Act applies to foreclosure-related conduct and whether foreclosure on some of the assessments here was time-barred—I begin by analyzing these two issues.
First, foreclosure-related conduct can be “debt collection” subject to FDCPA regulation. The majority opinion “assumes ar-guendo” this point, but every circuit that has considered the issue has held that foreclosure-related conduct, particularly demand letters that anticipate foreclosure proceedings, can constitute debt collection and therefore can—if false, misleading, deceptive, or unfair—violate the FDCPA.[2]
Second, as I read Texas law, part of the debts the Attorney Defendants tried to collect here were in fact time-barred from foreclosure. Starting with the general rules in Texas, a creditor must sue for payment of debt “not later than four years after the day the cause of action accrues.” Tex. Civ. Prac. & Rem. Code § 16.004(a)(3). If the debt arose from an installment contract, the four-year statute of limitations “begins to run against each installment when it comes due.” Palmer v. Palmer, 831 S.W.2d 479, 480 (Tex. App.—Texarkana 1992, no pet.) (collecting cases). As the Attorney Defendants admit, under Texas law, “the time period within which one must sue to recover a debt ... is also the same period within which one must sue to foreclose upon the lien [securing that debt].” Hoarel Sign Co. v. Dominion Equity Corp., 910 S.W.2d 140, 144 (Tex. App.—Amarillo 1995, writ denied). In other words, a creditor has four years from the date an installment comes due to initiate foreclosure.
Section 16.035 of Texas’s Civil Practice and Remedies Code is a statutory exception to these general rules. See Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 566 (Tex. 2001) (“Section 16.0035 modifies the general rule that a claim accrues and limitations begins to run on each installment when it becomes due.”). It provides that “[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues” and specifies that if the “real property lien” secures an installment contract, the cause of action does not accrue “until the maturity date of the last note, obligation, or installment.” Tex. Civ. Prac. & Rem. Code § 16.035(b), (e). But—as the Attorney Defendants readily admit—this exception, which applies only to specially defined “real property liens,” does not cover the condo association’s contractually created assessment lien. So the general *337 limitations period still applies.[3] Applying the general rule that the time period for foreclosing on a lien is the same four-year period within which the creditor could have sued to recover the underlying debt, see Hoarel, 910 S.W.2d at 144, the statute of limitations for foreclosing to collect the repair assessments levied against Mah-moud and Jackson in 2006 and 2007 expired in 2010 and 2011, well before the Attorney Defendants sent their first demand letter on October 8, 2012.
Nonetheless, the question remains whether threatening to nonjudicially foreclose on a debtor’s home to collect partially time-barred debts violates the FDCPA. Mahmoud and Jackson argue that this conduct violates:
• Section 1692e(2), which prohibits “false[ly] representing] ... the character, amount, or legal status of any debt”;
• Section 1692e(5), which prohibits “threatening] to take any action that cannot legally be taken”;
• Section 1692e(10), which prohibits “us[ing] ... false representation^] or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer”; and
• Section 1693f(l), which prohibits “col-leeti[ng] ... any amount ... unless such amount is expressly authorized by the agreement creating the debt or permitted by law.”
The majority opinion holds as a matter of law that because “only a small portion of the debt” the Attorney Defendants collected via foreclosure was time-barred, their demand letters cannot violate the FDCPA. This holding contravenes the plain language of the FDCPA and misreads existing Fifth Circuit law.
The FDCPA plainly prohibits a debt collector’s using “false, deceptive, or misleading representation[s]” or “unfair or unconscionable means” to collect a debt. §§ 16923, 1692f. There is no authority for the majority opinion’s proposition that when collection letters are only a little bit false, misleading, or unfair, debt collectors cannot be statutorily liable. “Small” violations of the Act are still violations of the Act. See, e.g., Haney v. Portfolio Recovery Assocs., LLC, 837 F.3d 918, 932 (8th Cir. 2016) (finding viable FDCPA claims based on amounts “misstated by $1.29, $1.84, and $0.65” because “there [i]s no de minimis exception to FDCPA liability based upon low dollar amounts”).[4]
The Act specifically prohibits a debt collector’s “threatening] to take any action that cannot legally be taken.” § 1692e(5) (emphasis added). “Action” is simply “the process of doing something; [one’s] conduct or behavior.” Action, Black’s Law Dictionary (10th ed. 2014). In other words, the FDCPA prohibits a debt collector from threatening to engage in any process, conduct, or behavior that the debt collector cannot legally engage in. See generally Huertas v. Galaxy Asset Mgmt., 641 F.3d 28 (3d Cir. 2011) (“[T]he FDCPA permits a debt collector to seek voluntary repayment *338 of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts.” (emphasis added)). State law may create varying processes (like judicial or nonjudicial foreclosure) that enable creditors to collect on outstanding debts, and the FDCPA—both written broadly and intended to be read broadly, see Daugherty, 836 F.3d at 511—prohibits unlawfully threatening to use any of those processes.
And in Daugherty v. Convergent Outsourcing, Inc., our court held that “a collection letter violates the FDCPA,” specifically §§ 1692e(2)(5) and 1692f, “when its statements could mislead an unsophisticated consumer to believe that [the consumer’s] time-barred debt is legally enforceable, regardless of whether litigation is threatened.” 836 F.3d 507, 509 (5th Cir. 2016). In doing so, we adopted the- Sixth Circuit’s analysis in Buchanan v. North-land Group, in which the court said, “A misrepresentation about the limitations period amounts to a ‘straightforward’ violation of § 1692e(2)(A).” 776 F.3d 393, 398-99 (6th Cir. 2015). This makes sense: by implying in any way that a time-barred debt is legally enforceable, the debt collector misrepresents “the character ... or legal status” of the debt, which is a separate example of prohibited conduct under the Act, § 1692e(2)(A).[5] And a debt collector’s threatening to foreclose and ultimately foreclosing on someone’s home to collect a debt certainly implies that the debt is legally enforceable.
Because the Attorney Defendants threatened nonjudicial foreclosure to collect the entirety of a partially time-barred debt, in violation of § 1692e(5), and thus implied that the full amount demanded was legally enforceable, in violation of §§ 1692e(2)(A), (10) and 1692f, I would remand this case for further proceedings.

. As an initial matter, to the best of my review of the record, the Attorney Defendants never actually moved for summary judgment on Mahmoud and Jackson’s FDCPA claims under §§ 1692e(2), (5), (10), and 1692Í. Mah-moud and Jackson alleged distinct violations of the Act, specifically §§ 1692e, 1692f, and 1692g, in their amended complaint. In the *336 Attorney Defendants’ motion for summary judgment, they expressly "limit[ed] their arguments in [the FDCPA] section of their Motion to the requirements of § 1692g." The Attorney Defendants never addressed, and thus never asked for summary judgment on, Mahmoud and Jackson's allegations under §§ 1692e and 1692f. If this review of the record is accurate, the district court erred by "granting] summary judgment sua sponte on grounds not requested by the moving party” without giving the parties’ notice and a reasonable opportunity to respond. Baker v. Metro. Life Ins. Co., 364 F.3d 624, 632 (5th Cir. 2004) (citation omitted); see Fed. R. Civ. P. 56(f)(2).

. See, e.g., Glazer v. Chase Home Fin., LLC, 704 F.3d 453 (6th Cir. 2013); Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211 (11th Cir. 2012); Gburek v. Litton Loan Servicing LP, 614 F.3d 380 (7th Cir. 2010); Wilson v. Draper & Goldberg, PLLC, 443 F.3d 373 (4th Cir. 2006); Piper v. Portnoff Law Assocs., Ltd., 396 F.3d 227 (3d Cir. 2005); Romea v. Heiberger & Assocs., 163 F.3d 111 (2d Cir. 1998); cf. Ho v. ReconTrust Co., 858 F.3d 568 (9th Cir. 2016) (explaining that enforcing a security interest and collecting a debt "are not mutually exclusive”).

. Overlooking the general rules, the Attorney Defendants argue that because condo association liens don't meet the statutory definition of "real properly liens,” condo association liens must not be subject to any statute of limitations—a bizarre proposition that the majority opinion rightfully does not entertain.

. The majority opinion’s reluctance to reach this conclusion may stem from a misimpression that finding an FDCPA violation based on threats to collect partially time-barred debts would "bar” or somehow undo the foreclosure on the whole debt that has already taken place. I do not suggest, nor do I read the damages provision of the FDCPA to mean, that this would be the appropriate result. See § 1692k.

. If a debt collector falsely represents the character or legal status of a debt in a demand letter to the debtor, specifically in violation of § 1692e(2)(A), it would seem that the debt collector has also violated the more general example of prohibited conduct in § 1692e(10): "[t]he use of any false representation ... to collect or attempt to collect any debt....”