## HEIRS OF SARAH ANN COONS *v.* ALEXANDER STRINGER, SR.

The doctrine of the case of *Downs* v. *Morrison*, 13 An. 379, in relation to the money of the wife received by the husband during the marriage, which constitutes a charge against the community, is applicable to the share of the husband, who, in the partition of the community, is entitled to a credit for his separate funds applied to the use of the community.

APPEAL from the District Court of the Parish of Ouachita, *Richardson*, J. *McGuire & Ray*, for plaintiff. *H. Gray*, for defendant and appellant.

BUCHANAN, J. It is agreed that this case (which was submitted at the close of the last term in Monroe) be decided in New Orleans.

·We think the defendant and appellant entitled to the credit, claimed in the brief of his counsel, of eleven thousand dollars cash, of the separate estate of defendant, brought into the community.

The matrimonial partnership should be settled on a footing of perfect equality between the partners. One ought not to have a greater advantage in such settlement than the other. Upon this principle, the doctrine of the case of *Downs* v. *Morrison*, 13 An. 379, and of the cases therein cited, is applicable to the share of the husband in the partition of the community of acquets, as well as to that of the wife.

The receipt of the greater part of the amount of a judgment in the United States court, obtained by defendant against *John C. Williams*, for $11,800 and interest, which judgment is admitted to have been separate property of defen-

dant, and the application of these funds, or a portion of them, to community pur- COONS
·poses, are facts established by the evidence. v. STRINGER.

The court below allowed defendant as a credit, $2,674 30, being a community debt paid *Williams, Phillips & Co.*, out of the judgment above mentioned.

It is, therefore, adjudged and decreed, that the judgment of the District Court be amended, by increasing the credit of defendant in account with the community of acquets between himself and his deceased wife, *Sarah Ann Coons*, by a sum of eight thousand three hundred and twenty-five dollars and seventy cents; that the judgment in all other respects be affirmed; and that plaintiffs and appellees pay costs of appeal.