## J. M. FURRH ET AL. v. W. C. WINSTON ET AL.

(Case No. 2064.)

1. DESCENT—SALE BY CO-TENANT—EQUITY—IMPROVEMENTS BY HUSBAND ON SEPARATE PROPERTY OF WIFE—EFFECT—PRACTICE—Three children brought suit to recover six acres of land which was the separate property of their mother, who died in 1872. Defendants claimed through a warranty deed made by the father in 1877, and alleged that during the married life of the father and mother the father, with community funds, in good faith, erected valuable improvements upon the land in controversy. They further alleged that at the time of her death the mother owned 2,160 acres of land in one body, of which the six acres was a part; that she left five children, the issue of her marriage with the father, of whom two died without issue and unmarried; that the interest inherited by the father in the 2,160 acres far exceeded the value of the interest of plaintiffs in the six acres in controversy, and they asked that his interest in all the land, so far as necessary to protect their title to the six acres, be given to them by setting apart to them the land in controversy. Defendants also alleged that T.

asserted some claim to the land in controversy, and asked that he be made a party and assert whatever claim he might have. *Held:*

(1) On the death of the two children the father became a tenant in common with plaintiffs, and, while he could not divest the title of his co-owners by selling a specific part of the property, the answer made a case in which a court of equity would protect his vendee by setting apart to him the particular tract bought.

(2) This would be the case whether the property consisted of one or several tracts, and whether the children, from whom the father inherited, died before or after the sale.

(3) The erection of the improvements gave the father no title to any part of the land on which they stood, but the community estate was entitled to be reimbursed out of the separate estate of the mother for the cost of erection. (Rice v. Rice, 21 Tex., 66; Bond v. Hill, 37 Tex., 626.)

(4) Defendants were entitled, through their warranty deed, to whatever claim, even an equitable one, the father might have had growing out of the erection of the improvements, and they could assert it in this suit.

(5) If T. asserted any title in the land, it was the right of defendants, in this action, to have his claim adjudicated as well as that of the plaintiffs.

2. NUNCUPATIVE WILLS—REAL ESTATE—It is the law of this state that real estate cannot be devised by a nuncupative will. (Lewis v. Aylott, 45 Tex., 190.)

3. IMPROVEMENTS UPON THE LAND OF ANOTHER—FIXTURES—Whether or not buildings erected upon the land of another are fixtures, must be determined by the relation existing between the owner of the fee and the person making the improvements, and upon the facts which may evidence their intention in reference thereto, and not upon the permission or license of one holding only a qualified right to use the land for a specific purpose not embracing that for which the improvements were made.

APPEAL from Harrison. Tried below before the Hon. Wm. Stedman, Special Judge.

The opinion states the facts.

*R. L. Hightower* and *T. P. Young,* for appellants, as to the protection given to the vendee of a tenant in common, cited: Arnold v. Cauble, 49 Tex., 533; Robinson v. McDonald, 11 Tex., 386-390; Duke v. Reed, 64 Tex., 705-717; McKee v. Barly, 11 Gratt., 346; Campau v. Godfrey, 18 Mich., 38; Holcomb v. Coryell, 3 Stock., (N. J. Eq.) 548; Freeman on Co-Ten. and Part., 510, secs. 203, 205, 425; Story's Eq., sec. 656.

On improvements, they cited: Rice v. Rice, 21 Tex., 66; Bond v. Hill, 37 Tex., 626; Love v. Robertson, 7 Tex., 5; Smith v. Smith, 12 Cal., 217; Story's Eq., secs. 1234–1237; Freeman on Co-Ten. and Part., sec. 138; 60 Tex., 24; 57 Tex., 658; 58 Tex., 696.

On the general demurrer contained in the answer of Turner, they cited: DeLa Vega v. League, 64 Tex., 205.

No briefs on file for appellees.

STAYTON, ASSOCIATE JUSTICE.—This action was brought by three children of Mary E. Waskom to recover six acres of land which was the separate property of their mother, who died in March, 1872. The defendants assert title through a warranty deed made by S. E. Waskom, Sr., who was the father of the plaintiffs. The deed through which they claim was executed in February, 1877. Among other defenses, the defendants alleged that the father and mother of the plaintiffs were married in the year 1860, and that during the marriage, about the year 1867, S. E. Waskom, Sr., with community funds erected on the land in controversy a store-house, warehouse and dwelling, the value of which was alleged to be $1,670, and that the value of the lands without the improvements did not exceed $90.00.

They further alleged that Mary E. Waskom, at the time of her death owned 2160 acres of land in one body, including the six acres in controversy, consisting of six contiguous tracts; that five children, the issue of the marriage of herself and S. W. Waskom, survived her, of whom two had died without issue and unmarried; that from these children S. E. Waskom, Sr., inherited one-fifth of all these six tracts of land, of the value of $2,590, as did he inherit a life estate in one-third of all the land from his wife; that the interest thus held by S. E. Waskom, Sr., in the lands which had been the separate property of his wife, far exceeded the value of the interest of the plaintiffs in the six acres of land in controversy, and they asked that the interest of S. E. Waskom, Sr., in the six tracts of land, so far as necessary to protect their title to the six acres be given to them by setting apart to them the land in controversy.

S. E. Waskom, Sr., was made a party defendant, and his insolvency was alleged. A demurrer was sustained to so much of the answer as sought the protection above stated. We are of the opinion that this was error; for upon the death of the two children of S. E. Waskom and wife, he inherited one-half of the estate which they derived by inheritance from their mother, as well as one-half of the interest which the one child derived from the other, and thus he became a tenant in common with the plaintiffs.

While a co-tenant has no power to divest the title of his co-owners by selling a specific part of the common property, yet it is well established that a court of equity will protect such a purchaser, if this can be done without injury to the other owners, by setting apart to the vendee of the cotenant the particuler tract bought.

The pleadings to which the demurrer was sustained make a case in which such relief could properly be granted. That the property alleged to be owned by the father and the plaintiffs consists of several

tracts of land, furnishes no reason why the interest of the father in all of them may not be satisfied by vesting in the defendants, his vendees, the six acres in controversy, if its value shall be shown to be equal to his interest in all the tracts, or why this should not be vested in them as a part of that which the father would be entitled to out of the entire property of which they are co-owners, if his interest in the entire property exceeds in value that in controversy.

Nor does the fact that one or even both of the children from whom S. E. Waskom took by inheritance, may have died since he made the deed, through which the defendants claim, affect the right of the parties to the protection indicated, if the facts shall appear as pleaded. We are further of the opinion that the court erred in sustaining the demurrer to so much of the answer as set up the fact that the improvements on the land in controversy were made with community funds belonging to the common estate of Waskom and his wife; for whatever claim, even though equitable only it may be, which S. E. Waskom, Sr., had, growing out of that fact, vests in the defendants through his warranty deed, and they may now assert it in the adjustment of equities which arise between the parties in reference to the setting apart to the defendants of the land in controversy, or to meet the claim made against them for rents, should it be found on the trial that equities exist, but that they are not entitled, from any cause, to have the land set apart to them.

When the improvements were made, if made, as alleged, with community funds, this gave no right, title or interest, in or to the land to the community, and S. E. Waskom, Sr., from the simple fact that the improvements were so made, could not have acquired title to any part of the land on which they stood, for as said in Rice v. Rice, (21 Tex., 66), such improvements become "attached to the soil, and cannot in the nature of things be devisible in specie, when one of the joint owners has no interest in the land upon which they have been erected. Hence, results the rule, that the community estate must be re-imbursed for the cost of the buildings erected, by joint labors or funds upon the separate property of one of the spouses, and, in effect, this vests the improvement in that spouse and entitles the other to one-half of the cost."

When, however, S. E. Waskom, Sr., by inheritance from his children, became a co-tenant with the plaintiffs in the lands in controversy as well as other lands, and thus became entitled to partition, we see no reason why his vendees, who are entitled to be subrogated to all his rights, by reason of his warranty deed, the covenants of which would be broken if the property, as it stood at the time he sold, did not pass,

may not ask that the same rule be applied as might be were the suit between S. E. Waskom, Sr., and the plaintiffs.

It is well settled, that separate estate of one member of the community must reimburse the community, for any proper improvements made in good faith upon the separate estate with community funds. Rice v. Rice, 21 Tex., 66; Bond v. Hill, 37 Tex., 626.

The answer of the defendants alleged, that James Turner asserted some claim to the land in controversy, and asked that he be made a party, and that he assert in the action whatever claim he might have.

Turner appeared and filed a general demurrer, which was sustained by the court, and judgment entered that the demurrer be sustained, and that Turner "go hence without day" and recover costs. The defendants, by their answer, asserted title to the land, and sought to establish it against the plaintiffs and also against Turner, and we are of the opinion that it was error to sustain the general demurrer filed by Turner.

If he really asserted title to the land, or any part of it, it was the right of the defendants, in this action, so far as can be seen from the pleadings, to have his claim as well as that of plaintiffs adjudicated. If he really made no claim to the land he should have filed a disclaimer. If he thought the averments as to the character or extent of the claim asserted by him not sufficiently specific, he should have urged this ground by a special demurrer. The defendants pleaded that the mother of the plaintiffs died testate, that her will had been probated, and that thereby she devised the land in controversy to her husband, S. E. Waskom, Sr., but the answer did not aver that the will was by an instrument in writing. This was made ground of special demurrer, which was sustained, and on the trial the defendants offered to prove such making and probate of a nuncupative will by which all the property of Mrs. Waskom was devised to her husband. This evidence the court below rejected.

We see no reason to doubt the correctness of the rulings of the court on the demurrer and admission of evidence. Since the case of Lewis v. Aylott, 45 Tex., 190, it must be held the law of this state that real estate cannot be devised by a nuncupative will. It is urged that the land in controversy is situated within the right of way of the "Texas & Pacific Railway Company;" that the improvements were placed on the land by the permission and license of the railway company, and that they, therefore, did not become a part of the land on which they were erected, but remain personal property, and therefore passed to S. E. Waskom, Sr., by the nuncupative will of his wife.

We are of the opinion that this position cannot be maintained.

Whether buildings erected upon the land of another are fixtures or no, must be determined by the relation existing between the owner of the fee and the person who makes the improvements, and upon the facts which may evidence their intentions in reference thereto, and not upon the permission or license of one holding only a qualified right to use the land for a specific purpose not embracing that for which the improvements were made. For the errors in the rulings of the court below, which have been considered, the judgment will be reversed and the cause remanded.

It is so ordered.

REVERSED AND REMANDED.

[Opinion delivered October 15, 1886.]