### MARTIN SCHMIDT ET AL. v. PAULINA HUPPMANN ET AL.
#### No. 2581.

1. **Separate Property.**—A stock of goods was the separate property of the husband at the date of his marriage, and was from time to time replenished and increased until the wife's death. *Held,* that the rule which requires that the separate property when it has been sold and the proceeds reinvested or undergone changes must be clearly traced in order that its separate character shall be preserved, has no application. The property to the extent of the value of the goods at the date of the marriage was the same, and protected against those claiming through the deceased wife.

2. **Same.**—When one spouse in a matrimonial partnership invests separate funds, and the business is carried on and its profits reinvested in the enterprise until it is dissolved by death, a right exists to reimbursement from the community estate thus acquired to the spouse thus investing separate funds.

3. **Same.**—If the community estate contributes to the improvement of the separate estate of either spouse, the community is entitled to reimbursement by the separate estate for such improvement.

4. **Cases Cited and Approved.**—Lewis v. Lewis, 18 Cal., 654; Werner v. Kelly,. La. Ann., 60; and Coons v. Stringer, 14 La. Ann., 726, cited and approved.

5. **Cases Adhered to.**—Furrh v. Winston, 66 Texas, 525, adhered to.

6. **Separate Property.**—If separate funds be used by one spouse to make permanent and valuable improvements on land the separate property of the other member of the matrimonial union, the right to reimbursement exists from the community property if there be any; if there is no community property the cost of the improvement· thus made can not constitute a charge against the land.

APPEAL from Harris. Tried below before Hon. James Masterson. The opinion states the case.

*E. P. Hamblen* and *W. H. Crank,* for appellants.—Where the evidence shows that at the time of the marriage the husband was engaged. in merchandising, owning a large stock of goods, and that the same was continued during the wife's life; that no separate property of the wife went into the business; that at no time after the marriage the value of the goods was less than at the date of marriage, but on the contrary increased, and at her death largely exceeded the value at date of marriage,.

on a settlement between the husband and the heirs of the wife of the community estate, the husband must be reimbursed out of the community property for the value of the goods at the date of the marriage. Lewis v. Lewis, 18 Cal., 654; Werner v. Kelly, 9 La. Ann., 60; Coons v. Stringer, 14 La. Ann., 726; Cartwright v. Cartwright, 18 Texas, 642.

Where the husband with the consent of his wife out of his separate means erects a brick building, a permanent and necessary improvement, on the wife's separate land, and at the time it is agreed between the husband and wife that the same is not a gift from him to her, after the wife's death on a settlement between her heirs and the husband of the community estate the husband should be reimbursed out of the community estate for the value of the building, and the court erred in refusing a charge submitting that issue to the jury. Furrh v. Winston, 66 Texas, 525; Rice v. Rice, 21 Texas, 66; Bond v. Hill, 37 Texas, 627.

Where a survivor has a life estate in the separate land of the deceased spouse and the heirs of the deceased sue for their interest in the community, the survivor is entitled to partition and to have his life interest in the separate property of the deceased set aside to him in severalty. Tieman v. Baker, 63 Texas, 643.

*Presley K. Ewing* and *James A. Baker, Jr.*, for appellees.—Where the evidence shows that at the date of the marriage the husband possessed a small stock of goods from which he was then daily selling and from time to time replenishing said stock with other goods, bought from the proceeds of his daily sales, and thus continued for a period of fifteen years or more, the husband can not in a settlement of the community estate between his wife's children and himself charge the community with the value of the original stock of goods at the date of his marriage. Rev. Stats., art. 1653; Jones v. Jones, 15 Texas, 147.

Appellees contend that when the husband expends his separate means in improving the wife's separate estate the improvements were intended by the husband as a gift to the wife. The husband can not be reimbursed therefor. Pratt's Property Rights of Married Women, 14; McDonna v. Wells, 1 Posey's U. C., 36; Barker v. Koneman, 13 Cal., 9; Peck v. Brummagim, 31 Id., 445; Hussey v. Castle, 41 Id., 241; Kane v. Desmond, 63 Id., 464; Smith v. Smith, 12 Id., 226; Humphreys v. Newman, 51 Me., 40.

ACKER, PRESIDING JUDGE.—Appellant Martin Schmidt married Katrina Huppmann, the mother of appellees, in 1867, and at the time of the marriage he owned a stock of merchandise of the value of two thousand dollars, and also owned other personal property of the value of several thousand dollars. The wife owned no property except a lot in the city of Houston. Appellant continued business as a merchant, supporting

his wife and her children out of the profits of the business, purchased some real estate, and gradually increased the value of the stock of merchandise until the death of the wife in 1880, when the stock was of the value of about $8000.  Soon after the marriage the husband, with his separate means and by consent of the wife, erected a brick building upon the lot owned by the wife of the value of $3000.  After the death of the wife the husband qualified as independent administrator of the community estate, and filed an inventory and appraisement, in which the community estate was charged with the $2000, the value of the stock of goods at the time of the marriage, and the three thousand dollars expended by the husband in making the improvements upon the lot belonging to the wife.  The inventory and appraisement were approved and ordered recorded by the Probate Court, and showed the community estate to be of the value of $2409, after deducting all debts and the two items charged in favor of the husband's separate estate.

In January, 1881, appellant Schmidt made a settlement with appellees by releasing to them all claim to and interest in the lot of the deceased wife and the improvements which he had placed thereon, and agreeing to pay to each of them in addition the sum of one hundred dollars. Three of the appellees were then of age, and accepted the release to the lot and the one hundred dollars, and executed a conveyance to appellant for their interests in the community estate.  Two of the appellees were minors and were represented in the settlement by their relatives and friends, and the release to the lot was made to them as well as to the adults.  All of appellees went into possession of the lot and collected the rents therefrom.

This suit was brought in July, 1885, by appellees upon appellant Schmidt's bond as independent administrator.  It was alleged in the petition that Schmidt had fraudulently returned an incomplete inventory and fraudulently caused the property to be appraised below its value; that he had sold all of the personal property and converted the money to his own use, as well as the rents and profits of the realty; that he had failed to account to appellees for their interest.  The prayer was for damages and for partition of the community lands.

Appellants answered, setting out the inventory and appraisement, denying fraud, alleging ownership of the stock of goods at the time of marriage, and the building of the valuable improvements on the wife's land with the separate means of Schmidt, and specially pleaded the settlement made with appellees, and averred that they had received the rents upon the property, and if the settlement should be held not binding upon appellees, praying that they be required to account for the rents received by them, and that appellant have judgment allowing him the value of the stock of goods owned by him at the time of marriage

and the amount expended by him in improvements on the wife's land, to be charged against the community estate.

By supplemental petition appellees alleged that Schmidt was trustee, etc., and that he had falsely and fraudulently represented to them that the improvements on the lot of their mother was made with his separate funds, and that relying upon these representations the settlement was made in January, 1881.

There was trial by jury and verdict returned in favor of appellees Paulina and Katrina, who were minors at the time of the settlement, for $406 each and each one-tenth interest in the real estate, and in favor of appellants as against appellées Charles, Cornelia, and Theresa, who were adults when they made the settlement.

Appellants made motion for new trial, as did appellees Charles, Cornelia, and Theresa, both of which were overruled, and both parties gave notice of appeal and filed assignments of error, but appellants alone perfected their appeal.

The questions of controlling importance are:

1. Was appellant Schmidt entitled to retain out of the community estate the value of the stock of goods owned by him at the time of the marriage?

2. Was he entitled to be reimbursed out of the community estate for his separate funds expended in improvements upon the separate land of his wife?

Upon both of these questions the trial court ruled against appellants by refusing special charges requested, and on the second by expressly charging against appellants' claim. We are not aware of any decision in this State directly bearing upon either of these questions.

It seems that no part of the stock of merchandise owned by Schmidt at the time of his marriage was found in specie in the stock on hand at the death of the wife, but at no time during the coverture was the stock reduced below its value at the time of the marriage, but was gradually increased from that time until the death of the wife. This property he brought into the connubial partnership, and used its profits and increase for the benefit of the community estate. The connubial partnership from which the community estate results is founded upon the principles of exact equality and justice as to property rights of the spouse. Where the property owned by the spouses respectively at the time of marriage has been preserved in specie its separate character is retained and there is no difficulty in identifying it, but where the separate property has not been so preserved, but has undergone mutations, it is indispensable that it be clearly and indisputably traced and identified to maintain its separate character. Chapman v. Allen, 15 Texas, 283. But can it be said that in this case there was any actual mutation in this separate property of the husband? The business was carried on for a period of about thir-

teen years; goods bought and added to the stock and sold out from day to day during these years. While the specific articles that made up the original stock had been sold and their places supplied by others from time to time as the exigencies of the business required, the property was in fact the same, a stock of merchandise, and we think there was not such change in the property as would divest it of its separate character to the extent of the goods owned by appellant at the time of the marriage.

Where it satisfactorily appears, as in this case, that one spouse brought into the partnership separate funds invested in a particular business, which business was carried on and the profits arising therefrom used in creating and building up the community estate, and the separate funds are employed in the same business at the dissolution of the partnership, upon settlement with the community estate we think the spouse furnishing such separate funds is entitled to be reimbursed therefor. Lewis v. Lewis, 18 Cal., 654; Werner v. Kelly, 9 La. Ann., 60; Coons v. Stringer, 14 La. Ann., 726.

We think the court erred in refusing to give the special charge requested by appellants upon this question.

It is well settled that if the community estate contributes to the improvement of the separate estate of either spouse the community is entitled to be reimbursed by the separate estate for such improvements. Furrh v. Winston, 66 Texas, 525. Each spouse owns a half interest in the community estate, and each therefore contributes one-half of such funds of the community as are used in erecting improvements upon the separate estate. We are unable to discover any substantial reason in support of a rule which would deny to the spouse furnishing his separate funds for the improvement of the separate land of the other the right to be reimbursed therefor out of the community estate. If there be community estate from which the spouse who furnished the funds to erect the building can be reimbursed, we think it in keeping with the spirit and purpose of the law governing the property rights of husband and wife to hold that he should be so reimbursed. If there be no community estate from which such reimbursement may be made, then we think the husband furnishing from his separate estate the funds to improve the separate land of the wife could not establish his claim for the funds so furnished as a charge against the land upon which the improvements were erected. Such building becomes part of the realty and belongs to the separate estate upon which it is built. The husband could not assert his claim in any way that would encumber or affect the title of the wife.

We think the court should have given the special charge asked upon this question. Appellees did not seek by this suit to obtain partition of the separate estate of their deceased mother. Appellant Schmidt set up in his answer his life estate in one-third of the lot, but did not make his answer a cross-bill for partition. The court instructed the jury that

they had nothing to do with the separate property of the deceased wife. Appellant asked a special charge directing the jury to find by their verdict Schmidt's interest, and to partition the lot between him and appellees. The special charge was refused, and we think the court did not err in doing so; there were no pleadings authorizing the charge. We think it not necessary to discuss the questions presented by appellees under their cross-assignments of error, as they will probably not arise upon another trial.

For the errors indicated we are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted February 26, 1889.