TEXAS MOLINE PLOW CO. et al. v. CLARK et ux.

(Court of Civil Appeals of Texas. El Paso. Feb. 29, 1912.)

1. HUSBAND AND WIFE (§ 255*)—SEPARATE AND COMMUNITY PROPERTY.

Where property is purchased partly with the separate estate of the wife and partly with community funds, and the price is fully paid, the wife has a separate interest in it proportionate to the amount her separate estate contributed to the purchase, and the community interest is proportionate to the amount the community estate contributed.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 900–902; Dec. Dig. § 255.*]

2. EVIDENCE (§ 23*) — JUDICIAL NOTICE — FACTS OF COMMON KNOWLEDGE.

The court judicially knows that free school land is on a sale by the state incumbered by a first lien in favor of the state for the amount due it on the particular tract sold.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 29, 30; Dec. Dig. § 23.*]

3. HUSBAND AND WIFE (§ 255*)—SEPARATE AND COMMUNITY PROPERTY.

A purchaser of free school land at $1 per acre conveyed the land to a married woman by deed reciting a consideration of $4,000 paid by her, but not reciting that the money was her separate funds, or that the land was her separate property. The consideration paid was her separate estate, and she and her husband completed the occupancy required, and made the necessary improvements. Held, that she acquired an undivided interest by reason of her payment of part of the price, and the community acquired the remaining undivided interest, and the burden of occupying the land and improving the same did not affect the status of the titles of her separate estate and the community interest.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 900–902; Dec. Dig. § 255.*]

Appeal from District Court, Winkler County; S. J. Isaacs, Judge.

Action by the Texas Moline Plow Company and another against Henry Clark and wife. From a judgment granting insufficient relief, plaintiffs appeal. Affirmed.

D. M. Oldham, Jr., and Hardwicke & Hardwicke, for appellants. Spann & Alford, for appellees.

HIGGINS, J. On June 24, 1907, Walter Clark purchased from the state of Texas four sections of free school land situate in Winkler county at the price of $1 per acre, upon condition of occupancy and improvements as required by law regulating the sale of such lands, and on August 23, 1907, the land was conveyed by him to Mollie Clark, the wife of Henry Clark; the deed reciting a consideration of $4,000 paid by her. The deed does not recite that this money was paid by her out of her separate funds, nor that the land was conveyed to her as her separate property. It appears that the substitute obligations of the appellees to the state were given and they were substituted as purchasers from the state in the place and stead of Walter Clark. The three years' occupancy required by law was completed by appellees on June 24, 1910, and certificate of occupancy issued by the Commissioner of the General Land Office. The $4,000 paid to Walter Clark was the separate property of Mollie Clark. The balance due the state of Texas on the purchase price is a community obligation upon the part of Henry Clark and Mollie Clark, and the interest payments thereon have been made from the community estate, as well as cost of the improvements placed on the land. Appellants herein are the owners of a personal judgment against Henry Clark rendered in the district court of Eastland county on July 15, 1907, upon which there was due on October 18, 1910, the sum of $3,289, with interest from November 5, 1907, at the rate of 10 per cent. per annum, which judgment has been duly recorded and indexed so as to fix a lien upon any real estate in Winkler county owned by Henry Clark. Henry Clark and his wife, Mollie Clark, lived upon and occupied the land bought by them from Walter Clark from the time of their purchase until the expiration of the three years' occupancy on June 24, 1910. The trial court in his conclusions of law found that by virtue of the occupancy of the land by the defendant Henry Clark with his wife the same became community property subject to the equity of the defendant Mollie Clark of $4,000, purchase money paid by her out of her separate estate, and that plaintiffs were entitled to a judgment foreclosing their lien against the land subject only to this equity of the wife, and judgment was rendered in favor of plaintiffs, who are appellants herein, in the sum of $3,289, with interest thereon from November 5, 1907, at the rate of 10 per cent. per annum, with foreclosure of their judgment lien upon sections 14, 23, 25, and 27 in block No. 26, public free school land, in Winkler county, subject to the said equity of Mollie Clark, and that said plaintiffs should have order of sale against the land on payment to Mollie Clark of $4,000, with interest from the date of the judgment at the rate of 6 per cent. per annum. In their petition herein appellants prayed for foreclosure and sale of the above described land in satisfaction of their judgment, and in answer thereto Mollie Clark pleaded that the same was her separate property, having been purchased by her with her separate funds, and not subject to the lien of the judgment sued upon.

By supplemental petition appellants pleaded that, if it was true that $4,000 of the separate estate of Mollie Clark was used in the purchase of the land, nevertheless the original purchase money of $1 per acre due the state of Texas was assumed by Henry Clark and Mollie Clark, and that the same was a community debt then existing against the land, and that the interest payments due the state had been paid with community funds, the improvements required by law to be placed upon said land had been paid for with community funds, by reason of which the property became community property, and, if any of Mollie Clark's separate estate had been invested in the land, she only had an equity therein in the proportion that the money she furnished bore to the whole purchase price, and, in the event it was found that any of her separate estate had been so used in paying for said land, that the equities between her and plaintiffs should be so adjusted that the community interest in the land could be subjected to the payment of the plaintiff's debt.

The testimony in this case amply supports the finding of the trial court that $4,000 of the separate estate of Mollie Clark was used in paying the purchase price when the same was bought by appellees from Walter Clark, and those assignments attacking the finding of the court in this respect are overruled.

By an appropriate assignment of error appellants attack that portion of the judgment wherein foreclosure of their lien is made subject to the equity of Mollie Clark, and granting order of sale upon condition that they pay to her the sum of $4,000, contending that, under the facts found by the court, the wife owned an undivided interest in the land as her separate estate in the proportion that her funds were used in paying therefor, and that the community likewise owned an undivided interest in the land in proportion to the community debt due the state as part of the purchase money, and that the judgment should have foreclosed

appellants' lien as against this undivided community interest and directed its sale in satisfaction of their debt, leaving undisturbed the undivided interest in the land owned by Mollie Clark as her separate estate.

[1] It seems to be well settled by the decisions of our Supreme Court that, where property is purchased with the separate estate of the wife and partly with community funds, the wife has a separate interest in it proportionate to the amount her separate estate contributed towards its purchase, and that the community interest is proportionate to the amount the community estate contributed towards the purchase money. Braden v. Gose, 57 Tex. 37; Cleveland v. Cole, 65 Tex. 402; Sparks v. Taylor, 99 Tex. 411, 90 S. W. 485, 6 L. R. A. (N. S.) 381; Goddard v. Reagan, 8 Tex. Civ. App. 272, 28 S. W. 352. However, in all these cases above cited, and in a number of others decided in our various courts in which the same principle is recognized, it seems that the entire purchase price had been paid. In the instant case the question to our mind is somewhat complicated by the fact that the 39/40 of the purchase money due by the community to the state is unpaid, and it is complicated by the further fact that it is free school land which was purchased upon condition of occupancy, and the fulfillment of that condition by the husband and wife was in the nature of a consideration moving from the community to the state, as was also the cost of the improvements.

[2] We judicially know that all of each section is incumbered by a first lien in favor of the state for the total amount due the state upon that particular tract of land, and when we apply strictly the rule laid down in the cases cited and hold that the wife has an undivided separate estate in the land, it necessarily leaves her portion of the land charged with the debt due the state upon that as well as upon that decreed to the community. The part set aside to the community is upon the theory that it was paid for by the community funds, whereas in this case it has not, in fact, been paid for. We apprehend that these considerations were in the mind of the learned trial court in the conclusions reached and judgment rendered by him, and he treated the payment of the wife's separate funds as in the nature of an equitable lien against property essentially community in its nature, and that in the adjustment of equities under the general equitable jurisdiction of his court the judgment entered by him thus protected the equities of all the parties. These considerations appeal with no little force to the writer, but the entire court is of the opinion that the rights of the parties are governed and controlled by the principle enunciated in the cited cases.

[3] We are of the opinion that when the property was purchased by Mollie Clark from Walter Clark, $4,000 being paid to him in cash out of her separate estate, and purchase money obligations of the community given the state of Texas for the amount due it, and the assumption of the burden of occupying and improving the land, the status and title of the property was then and there fixed, the wife acquiring an undivided interest by virtue of the payment by her of part of the purchase price, and the community acquiring the remaining undivided interest. The burden of occupying the land and improving same did not affect the statu quo of the respective titles of the wife's separate interest and the community interest. Goddard v. Reagan, supra. It may be that the subsequent fulfillment by the community of the condition of occupancy and making improvements would give the community estate a right to reimbursement from the separate estate of the wife in the land for the cost of the improvements. Furrh v. Winston, 66 Tex. 521, 1 S. W. 527; Robinson v. Moore, 1 Tex. Civ. App. 93, 20 S. W. 994. This, however, is a mere right of reimbursement, existing in favor of the community against the separate estate of the wife, and is in the nature of a charge or equitable lien against the wife's property, but it does not in any wise affect the statu quo of the title as it originally vested in the parties. No such right of reimbursement is here raised or involved. We therefore hold that 25/41 undivided interest in the land belongs to the wife as her separate estate, and the remaining 16/41 undivided interest belongs to the community, and is subject to foreclosure and sale in satisfaction of the debt and lien of appellants.

The judgment appealed from being correct, except as indicated, and the record disclosing the exact interest of the community estate, the judgment of the lower court will be reformed so as to foreclose appellants' lien upon an undivided 16/41 interest in the land, in accordance with the views herein expressed, and, as so reformed, the judgment is affirmed.

The costs of this appeal are taxed against the appellees.