**DAKAN et al. v. DAKAN.**

No. 965.

Court of Civil Appeals of Texas. Eastland.
June 10, 1932.

Rehearing Denied Oct. 7, 1932.

being joined pro forma), sought, in the first place, to establish that five described tracts of land and certain household goods were community property of plaintiff and G. W. Dakan, and to have partition thereof in kind, or, in the alternative, sale thereof to effect a partition. In the second place, and in the alternative, in case the property was found to be not community but separate property of G. W. Dakan, it was sought to establish a charge and lien against same in favor of the community estate of plaintiff and G. W. Dakan for the value of improvements in the sum of $15,000, and in favor of the separate estate of plaintiff for the value of improvements upon lot 7, block A–2 of the city of Eastland in the amount of $1,750. Upon this alternative claim, the prayer of plaintiff was that "it be determined the amount of the community funds, as well as separate estate of your petitioner that have been used in the erection and construction of said improvements and if your petitioner be denied the right to establish title to said land or any portion thereof because of such facts, then that her claim or interest be determined and that a lien be established and decreed against all or such portion of such property and estate adjudged as defendants' as may be necessary or proper, in the judgment of the court, to properly and fairly protect the rights of your petitioner with an order of foreclosure against the same in the usual form, both as to her community share or interest therein, as well as for separate advancements made by her to said estate as herein alleged."

The defendants in their answer contended that all the property except the homestead (lots 34 and 36, block B of Tindall subdivision in Eastland), and lots 1 and 2 in block 26 in the town of Christoval, was the separate property of G. W. Dakan. That G. W. Dakan had disposed of all his separate and community property by will in such way as to put plaintiff to an election to accept or not under the will, and that she had elected to accept under the will. It was denied that any community funds had been used in the improvement of the separate property of G. W. Dakan, or that any separate property of plaintiff had been so used except $1,700 upon lot 7, block A–2, which it was alleged had been repaid.

The jury in answer to special issues found that community funds of plaintiff and G. W. Dakan in the sum of $6,116.70, and separate funds of plaintiff in the sum of $1,750 had gone into the improvements upon said lot 7, block A–2, which lot was of the value of $5,000 and improvements thereon of the value of $10,000; that no separate funds of G. W. Dakan had been used in the improvement of said property; and that the $1,750

Conner & McRae, of Eastland, and Bills & Hazel, of Littlefield, for appellants.

Vickers & Campbell, of Lubbock, and O. F. Chastain, of Longview, for appellee.

## FUNDERBURK, J.

This suit by Mary A. Dakan, surviving second wife of G. W. Dakan, deceased, brought against the children of G. W. Dakan by his former marriage (the husband of one

had not been repaid to plaintiff. They found that $1,260 community funds and no separate funds of G. W. Dakan had gone into the improvements of the homestead (that is, lots 24 and 36, block B) and that the purchase price of the lot—$250, had been paid out of the separate funds of plaintiff, and the present market value of the lots without the improvements was $400 and with the improvements was $1,800. The jury found that $350 community funds and no separate funds of G. W. Dakan had gone into the purchase and improvement of lots 1 and 2, block 36, town of Christoval, the fair market value of which lots was $125 without the improvements and $350 with the improvements. They further found that community funds in the amount of $165 had gone into improvements upon lots 4 and 5 in block 63 in the town of Stamford (the separate property of G. W. Dakan), the present value of which lots was $200 without the improvements, and $700 with the improvements.

The trial court found as a question of law that plaintiff had not elected to take under the will, and based upon said finding and the verdict of the jury adjudged in favor of plaintiff a lien upon lot 7 in block A–2, Eastland, for $4,808.35 (being one-half of $6,116.70 plus $1,750); adjudged the homestead to be community property and decreed a lien against same in favor of plaintiff for $125, subject, however, to the use and occupancy of the property by plaintiff as a homestead; adjudged the Christoval property to be community property, that it was not susceptible of partition in kind, and ordered its sale to make partition; adjudged a lien in favor of plaintiff for $82.50 on the Stamford property. Separate foreclosure and sale of all of said property was ordered to satisfy the liens adjudged. The judgment further generally decreed that none of the lands was susceptible of partition in kind and ordered sale to make partition. From this judgment defendants have appealed.

Appellants urge fifty-six propositions under sixty-four assignments of error. It would unduly extend the opinion to undertake separate discussion or even separate mention of all of them.

■ We think the trial court correctly concluded as a matter of law that plaintiff had not bound herself by an election to take under the will. To estop herself by such an election it was not only necessary that she have claimed the benefits given by the will (which it may be conceded she did), but also that she have given up some right or some interest in property as inconsistent with a claim under the will. According to the undisputed evidence all of the property was the separate property of G. W. Dakan except the homestead in Eastland and the little summer home in Christoval. The ver-

dict of the jury, interpreted by the undisputed evidence, shows that the homestead was the separate property of plaintiff, the land having been wholly paid for with $250 of her separate money. Hayworth v. Williams, 102 Tex. 308, 116 S. W. 43, 132 Am. St. Rep. 879. Upon disputed evidence the jury found that the Christoval property was community. The will did not purport to make disposition of any specific property of the plaintiff. As said in Gilroy v. Richards, 26 Tex. Civ. App. 355, 63 S. W. 664, 666: "In order to put the donee of a benefit under a will to an election, two things are essential: (1) The testator must give property of his own, and (2) he must profess to dispose of property belonging to the donee." Under this rule we think plaintiff was not put to an election. Avery v. Johnson, 108 Tex. 294, 192 S. W. 542.

■ We will next consider whether the trial court erred in decreeing a lien upon the separate property of G. W. Dakan (bequeathed to certain of the defendants), with foreclosure and order of sale, in order to accomplish a reimbursement to plaintiff of her one-half of community funds and certain of her separate funds used in making improvements upon such separate property. It is well settled that the separate estate of one member of the community must reimburse the community for any proper improvements made in good faith upon his or her separate estate with community funds. Furrh v. Winston, 66 Tex. 521, 1 S. W. 527, 529; Maddox v. Summerlin, 92 Tex. 483, 49 S. W. 1033, 50 S. W. 567; Bullock v. Sprowls (Tex. Civ. App.) 54 S. W. 657; Id., 93 Tex. 188, 54 S. W. 661, 47 L. R. A. 326, 77 Am. St. Rep. 849; Summerville v. King, 98 Tex. 332, 83 S. W. 680; Clift v. Clift, 72 Tex. 149, 10 S. W. 338; Welder v. Lambert, 91 Tex. 510, 44 S. W. 281.

■ It is equally as well settled that the separate estate of one spouse or the community estate of both of them is chargeable with the value of improvements made thereon by the separate funds of the other spouse. Schmidt v. Huppmann, 73 Tex. 112, 11 S. W. 175; Moore v. Moore, 28 Tex. Civ. App. 600, 68 S. W. 59; Miller v. Odom (Tex. Civ. App.) 152 S. W. 1185; 31 Cyc. 222.

■ A question not so well settled is how such a charge or obligation to make reimbursement may be enforced. Undoubtedly the charge may be simply a debt, and when so it can be established as such, and the property, if not otherwise protected by some exemption, be subjected to the payment thereof. Day v. Stone, 59 Tex. 612; Jackson v. Jackson (Tex. Civ. App.) 283 S. W. 923; Moore v. Moore, 89 Tex. 29, 33 S. W. 217. But it is not always or necessarily a debt in the ordinary sense of the word. Benefici-

aries of the obligation may not always, as creditors, have the land seized and sold as under execution to enforce payment. Hendricks v. Snediker, 30 Tex. 307; Schwartzman v. Cabell (Tex. Civ. App.) 49 S. W. 113; Blum v. Rogers, 71 Tex. 668, 9 S. W. 595. When enforceable, the action to enforce is not subject to limitation statutes. Welder v. Lambert, 91 Tex. 510, 44 S. W. 281. We have, after careful consideration, concluded that, when the obligation to reimburse is not a debt, enforceable as such, it is of the same nature and governed by the same principles as the *equity* which one tenant in common has who makes improvements upon the common property. If so, it can be enforced only in the partition of property as to which a cotenancy exists. This conclusion results from a study of many decisions, but principally of the following: Kalteyer v. Wipff, 92 Tex. 673, 52 S. W. 63, 68; Hanrick v. Gurley, 93 Tex. 458, 54 S. W. 347, 355, 55 S. W. 119, 56 S. W. 330; Welder v. Lambert, 91 Tex. 510, 44 S. W. 281, 286; Clift v. Clift, 72 Tex. 144, 10 S. W. 338; Schmidt v. Huppmann, 73 Tex. 112, 11 S. W. 175, 177; Bullock v. Sprowls (Tex. Civ. App.) 54 S. W. 657. Kalteyer v. Wipff, supra, was construed to be an action for equitable partition. It involved, among other things, the enforcement of a charge of the same nature and governed by the same principles, we think, as a charge or equity for improvements. The court said: "We do not understand that a tenant in common has, upon the share of his cotenant, a lien for rents received by the latter beyond his share, *in any such sense that a simple action may be maintained for debt and foreclosure, as may be done in the case of an ordinary lien. * * * The lien or charge of which the authorities speak is that which courts of equity enforce in decreeing final partition, and adjusting accounts and equities as a preliminary thereto. * * * In ascertaining and satisfying the equities of the parties, the court will secure to either, out of the common estate, satisfaction for money found due him by his cotenant on an accounting.* Moore v. Moore, 89 Tex. 33, 33 S. W. 217. But this is *only done as an incident of the proceeding to justly and equally distribute the property in accordance with the respective rights to which the parties are found entitled.* It follows that an order for the sale of this property *can only be justified as a necessary incident to a full and final partition."* (Italics ours.)

The court held that the judgment of the Court of Civil Appeals, which had decreed a lien upon and ordered to be sold the interest of the defendants, as distinguished from a sale of property to effect a partition, was erroneous.

Hanrick v. Gurley, supra, was a parti-

tion suit involving also in part the right of a cotenant to enforce a charge upon the interest of other cotenants. The court said: "Hanrick's co-tenants are suing him in a court of equity for partition, and the court must determine what each is entitled to receive of the estate to be divided. If charges. upon it have been paid by one, of which the others are to receive the benefit, any balance in his favor over and above his just proportion becomes an equitable charge upon the interests of the others, *to be worked out in the partition.* * * * To authorize the charging upon the lands in controversy of expenditures made for the protection of other lands, the principle which we have stated would obviously require that it be made to appear that the lands with respect to which the expenditures were made did in fact *constitute a part of the common estate, and that the other co-tenants, by sharing in such other lands, get the benefit of the expenditures."* (Italics ours.)

In Furrh v. Winston, supra, the court, after stating that permanent improvements made with community funds upon separate property of the wife "become 'attached to the soil, and cannot, in the nature of things, be divisible in specie *when one of the joint owners has no interest in the land upon which they have been erected,'"* held that that fact constituted no obstacle to the relief prayed for, because S. E. Waskom, Sr.; the defendants' grantee, had by inheritance become a tenant in common with plaintiffs and therefore entitled to partition, in which action there could be allowed to his grantees the value of improvements made by the community upon the property upon which the tenancy in common then existed.

In Welder v. Lambert, supra, the proposition was sanctioned that "money expended in improving property belonging to one of the spouses belongs to the community, but gives the other no claims to the property itself." It was held to follow that: *"Upon partition* of the property in controversy, the land was chargeable, in favor of the community, with whatever the community may have contributed in labor and funds to its acquisition." The court further held that the equity thus adjustable in partition was one that could be asserted whenever a partition was made, regardless of the time when made, thus distinguishing same from a debt, and implying, we think, as was more directly held in Kalteyer v. Wipff, that same could only be enforced in partition.

In Schmidt v. Huppmann, supra, one question was, How could a charge against the separate estate of the wife be enforced in favor of the separate estate of the husband? It was held that such a claim could not be asserted "in any way that *would incumber or affect* the title of the wife." (Italics ours.) As to how it could be done, the court

said: "If there be community estate from which the spouse who furnished the funds to erect the building can be reimbursed, we think it in keeping with the spirit and purpose of the law governing the property rights of husband and wife to hold that he should be so reimbursed. *If there be no community estate from which such reimbursement may be made*, then, we think, the husband furnishing from his separate estate the funds to improve the separate land of the wife *could not establish his claim for the funds so furnished as a charge against the land upon which the improvements were erected.*" (Italics ours.) This, we think, was but another way of saying that, unless there be property subject to partition, such a charge cannot be enforced.

In Bullock v. Sprowls, supra, the right of the grantee of a widow to enforce against the heirs of her husband a claim for improvements in favor of the community estate was denied on the ground that it was not shown that the widow inherited any interest in the lands of her husband in excess of the value of the lands sold by her from which the heirs could be given their interest. Furrh v. Winston, supra, was distinguished in such way, we think, as to show that, in the opinion of the court, such claims can only be adjusted and settled as between cotenants in a partition of the common property. It was again declared: "The community cannot assert a claim by reason of such improvement that would affect the title to the land."

The charge or equity we are now considering is not a right, title, or interest in the land as such. As said in Curtis v. Poland, 66 Tex. 511, 2 S. W. 39, 40: "It is evident that one tenant in common cannot make the fact that he has made improvements on the common property to operate as a conveyance to him of any right, title, or interest in or to the land on which such improvement is made. Improvements so made may confer upon the co-tenant maker an equity which a court of equity will protect *by setting apart to him, in partition,* the part of the common property on which the improvement is made, if this can be done without detriment to the other co-tenants. * * * Such a claim for improvements is rather an equitable charge upon the land improved than a *right, title, or interest in or to it.*" (Italics ours.)

It would hardly be contended that G. W. Dakan could not in his lifetime have conveyed the property against which the charge is claimed, free and clear of all charges, equities, or incumbrances so far as the purchaser would have been concerned. He did convey the land at his death by will to certain of the defendants.

■ It only remains to consider if the land, though owned in severalty by the defendants, is subject to partition. The very nature of an action for partition, as declared in Chace v. Gregg, 88 Tex. 552, 32 S. W. 520, Davis v. Agnew, 67 Tex. 206, 2 S. W. 43, 376, and Arnold v. Cauble, 49 Tex. 535, precludes its being the subject-matter of such an action. These cases establish the proposition that an action for partition cannot be made to accomplish a transfer of title to any portion of the land. Unless by the partition a conveyance of title could be made, it is necessarily true that land held in severalty cannot be brought into partition.

■ It follows that the judgment in this case is, in our opinion, incorrect in declaring a lien on the property of defendants, which had been the separate property of G. W. Dakan, and in providing a foreclosure of the lien with order of sale. We are unable to sustain the action of the court as one decreeing the sale of the property in order to effect a partition, as was done in the case of Kalteyer v. Wipff, supra, because here, unlike the situation in that case, the property was not subject to partition.

■ The only property subject to partition was the Christoval property, found to be of the value of $350. The trial court having found it incapable of partition in kind, correctly ordered it to be sold, in order to make partition. The only tenants in common of this property were the plaintiff and the defendants Bertha Galloway and R. B. Dakan. Therefore, out of the proceeds of the property ordered sold to effect a partition between them, adjustment of the charges in favor of plaintiff could only be made to the extent that the improvements enhanced in value, not the whole property improved but the interest therein of said two defendants only. In a case where reimbursement can be made, the amount is limited to the amount of enhancement of the value of the property by reason of the improvements. 31 C. J. 222; Clift v. Clift, supra; Hillen v. Williams, 25 Tex. Civ. App. 268, 60 S. W. 997. The verdict of the jury is not sufficient, we think, upon this phase of the case, to enable us to render final judgment.

■ But one other point will be discussed. Appellant contends there was no evidence to justify submission of the issue as to the amount of separate funds going into the improvement of the Stamford property. The burden of proof was upon plaintiff to establish that community funds were used in making improvements on said property and the amount thereof, as against a presumption to the contrary. We fail to find any such evidence.

For the reasons discussed it is our opinion that the judgment of the trial court must be reversed and the cause remanded, which is accordingly so ordered.