**Leonard SCHECTER, Appellant,**

**v.**

**Naomi SCHECTER, Appellee.**

**No. 19656.**

Court of Civil Appeals of Texas, Dallas.

Jan. 12, 1978.

Rehearing Denied Feb. 7, 1979.

| Awarded to Wife | |
|---|---|
| Asset | Value |
| 50 shares Leesona Corp. stock | $ 852.04 |
| 100 shares Tracor Corp. stock | 1,148.66 |
| 81.9 shares American General Bond Fund stock | 1,902.27 |
| Real estate checking account at Northpark National Bank | 1,150.44 |
| Personal and savings accounts at Northpark National Bank | 1,262.70 |
| Warren Way property [1] | 8,000.00 |
| Phoenix Mutual Life Insurance Policy [2] | unknown |
| Keough Retirement Plan | 10,000.00 |
| TOTAL | $24,316.11 |

| Awarded to Husband | |
|---|---|
| Asset | Value |
| Optometry business equipment | unknown |
| Savings accounts at United National Bank and Richardson Savings & Loan | $ 8,000.00 |
| Savings and checking account at Mercantile National Bank | 998.39 |
| Phoenix Mutual Life Insurance policy [3] | unknown |
| Keough Retirement Plan | 10,000.00 |
| Certificate of Deposit | 10,000.00 |
| TOTAL | $28,998.39 |

Wm. Andress, Jr., Dallas, for appellant.

Allan D. Hilton, Bill C. Hunter, Hunter, Stewart, Salzberger & Vineyard, Dallas, for appellee.

Before GUITTARD, C. J., AKIN and ROBERTSON, JJ.

ROBERTSON, Justice.

This is an appeal from the trial court's division of property in a divorce action. Naomi Schecter, appellee, filed a petition for divorce against Leonard Schecter, appellant, and asked for a division of the community estate. Trial was to the court which granted a divorce, divided the property pursuant to Tex.Family Code Ann. § 3.63 (Vernon 1975), and made findings of fact and conclusions of law. We hold that the court did not abuse its discretion in dividing the estate, and accordingly, affirm.

■ In terms of specific assets, the court divided the community estate as follows:

The primary question on this appeal is whether the trial court abused its discretion in making the above property division. The standard of review is whether the property division is so manifestly unjust as to amount to an abuse of discretion. *Hailey v. Hailey,* 160 Tex. 372, 331 S.W.2d 299, 303 (1960); *Cockerham v. Cockerham,* 527 S.W.2d 162, 173 (Tex.1975); *Goetz v. Goetz,* 567 S.W.2d 892, 894 (Tex.Civ.App.—Dallas 1978, no writ). An unequal division of assets does not by itself establish an abuse of discretion. *Hedtke v. Hedtke,* 112 Tex. 404, 248 S.W. 21 (1923). Indeed, the figures indicate that appellant received a larger share of the community estate than appellee.

1. This property was purchased for $30,000, subject to a mortgage of approximately $22,000. Appellee is liable for this debt. No actual appraisal value appears in the record.

2. The face value of this policy is $50,000. However, the record does not reflect the cash surrender value of the policy. Even if we were to include the face value in the totals for property awarded, the decision and rationale of this opinion would not be changed.

3. The face value of this policy is $10,000. However, the record does not reflect the cash surrender value of the policy. Even if we were to include the face value in the totals for property awarded, the decision and rationale of this opinion would not be changed.

Appellant first contends that the trial court erred in finding that all of the following was appellee's separate property: certain bank accounts in Casa Linda Bank and Republic National Bank; the interest from appellee's separate certificates of deposit; and dividends from appellee's separate stock. The record shows that the bank accounts were business accounts used in connection with a retail dress shop, the "Vogue", which was appellee's separate property. While it appears that the profits from this business would be community property, we cannot say that the failure to segregate these profits is an abuse of discretion. Since the trial court concluded that the estate of the parties has been divided in a manner that is fair, just, and equitable, the fact that it may have erred in holding that certain property is separate rather than community will not necessarily result in reversal. *See Muns v. Muns,* 567 S.W.2d 563, 567 (Tex.Civ.App.—Dallas 1978, no writ); *Cooper v. Cooper,* 513 S.W.2d 229, 233 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). Also, the trial court concluded as a matter of law that "if it had mistakenly labeled property as separate property that was community property, that such property should be community property and it is just and right that such property should be set aside to such individual as his or her separate property."[4] The same principles apply to the award of interest and dividends, which appear to be community property. Viewing the property settlement as a whole, we cannot say that the trial court committed an abuse of discretion.

Appellant next complains of the trial court's failure to charge appellee's separate estate for air conditioning improvements and monthly mortgage payments made on appellee's home. He argues that these improvements and payments were made with community funds and that the community estate is entitled to reimbursement. Although this may be correct, the record reflects that appellee spent considerable amounts of her separate funds improving the community estate. Under the circumstances, we cannot say that the failure to grant reimbursement was an abuse of discretion by the trial court.

Appellant also raises a no evidence point with respect to the trial court's granting appellee's separate estate a right of reimbursement for funds used for the benefit of the community. In considering a no evidence point, we must view the evidence in the light most favorable to the court's findings and disregard all evidence to the contrary. If there is any evidence of probative force to support the court's findings, we are bound by these findings. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). We are of the opinion that there is evidence sufficient to support the trial court's grant of reimbursement. The record contains testimony and exhibits dealing with the specific transfer and use of appellee's separate funds to benefit the community estate. Thus, we cannot substitute our judgment for that of the trial court.

We next address the appellant's contention that the appellee failed to prove that the inventory of the "Vogue" was her separate property since she did not properly trace the inventory from the beginning to the end of the marriage. Thus, he argues that the property is community and that the court erred in failing to divide it. Appellant cites *Jones v. Epperson,* 69 Tex. 586, 7 S.W. 488 (1889); *Middlebrook v. Zapp,* 73 Tex. 29, 10 S.W. 732 (1889), and *Hardee v. Vincent,* 136 Tex. 99, 147 S.W.2d 1072, 1074 (1941) in support of his contention. These cases are all distinguishable. All three cases involved creditors levying on property that was claimed to be separate property as opposed to community. The courts refused to allow the mere allegation that such property was separate without more, to act as a defense to creditor's claims. In cases such as the one at bar where the division of the property is at issue, we hold that the rule

---

4. For the purposes of this opinion, we will assume that such a conclusion is valid since appellant fails to attack it.

set out in *Schmidt v. Huppman,* 73 Tex. 112, 11 S.W. 175 (1889) controls. In *Schmidt,* the plaintiff ran a mercantile business. At the death of his wife, he filed an inventory and appraisement deducting the value of the inventory at the beginning of the marriage from the value at the end of the marriage. The heirs contested this and the supreme court held that the value of the inventory at the date of the marriage was the separate property of the husband. The court pointed out the following:

> While the specific articles that made up the original stock had been sold, and their places supplied by others from time to time as the exigencies of the business required, the property was in fact the same, a stock of merchandise, and we think that there was not such a change in the property as would divest it of its separate character, to the extent of the goods owned by appellant at the time of the marriage. *Id.* at 116, 11 S.W. at 176.

The rule in *Schmidt* was followed in *Blumer v. Kallison,* 297 S.W.2d 898 (Tex.Civ.App.— San Antonio 1956, writ ref'd n. r. e.) in an opinion by Justice Norvell. We hold that appellee sufficiently traced the inventory of the "vogue" and thus, overrule this point.

The next argument that appellant raises is that the court erred in failing to credit him for the payment of $2,100 of temporary alimony. Appellant argues that since the trial court held that a pre-nuptial agreement between the parties, the validity of which is not attacked, provided that appellant would not seek temporary alimony, it was error for the court not to credit appellant with temporary alimony paid. Since the record shows that the court recognized the validity of the pre-nuptial agreement, we must assume that the court considered this when making its division, especially since it awarded appellant the largest share of the community. We cannot find any abuse of discretion with respect to this point.

Finally, appellant alleges that Tex. Family Code Ann. § 3.63 (Vernon 1975) directly conflicts with Tex.Const. art. I, § 3a (Texas Equal Rights Amendment) and

is thus unconstitutional. We do not pass on this because no inequality is shown in view of our holding that appellant received a greater share of the community estate than did appellee.

Accordingly, we affirm.